A09A0999. OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY v. ATTORNEY TITLE SERVICES, INC. et al.

(682 SE2d 134)

BLACKBURN, Presiding Judge.

Old Republic National Title Insurance Company ("Old Republic") appeals the dismissal of its claim against attorney Scott Nathan and Attorney Title Services, Inc. ("Attorney Title"), a corporation owned by Nathan. Old Republic argues that the trial court erred: (1) in holding that its complaint asserted a claim for professional malpractice and was therefore subject to dismissal for its failure to file an expert affidavit in accordance with OCGA § 9-11-9.1;[1] (2) in concluding that, even absent the affidavit requirement, Old Republic's claim was time-barred because it was subject to the four-year statute of limitation applicable to professional malpractice actions, as opposed to the six-year limitation period applicable to actions on a written contract; and (3) in failing to hold a hearing on the motion to dismiss before granting the same. Finding that Old Republic's complaint asserted a claim for legal malpractice, we affirm.

> A motion to dismiss based upon the lack of an expert affidavit is a motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6). On appeal, an order granting a motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless

---

[1] That statute requires any complaint alleging professional malpractice to be accompanied by an expert affidavit setting forth "at least one negligent act or omission claimed to exist and the factual basis for each such claim." OCGA § 9-11-9.1 (a). Where a plaintiff fails to file the requisite expert affidavit, its complaint "shall be subject to dismissal for failure to state a claim. . . ." OCGA § 9-11-9.1 (e).

(1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. Accordingly, we construe the pleadings in the light most favorable to the losing part[y] with the doubts resolved in [its] favor.

(Citation and punctuation omitted.) *Williams v. Alvista Healthcare Center.*[2]

So viewed, the record shows that on December 7, 2000, appellees entered into a written "Approved Attorney Agreement" ("the Agreement") with Old Republic. The Agreement identified "Scott L. Nathan, Attorney Title Services" as the "Approved Attorney" with whom Old Republic was contracting and contained the following recitations:

WHEREAS, Approved Attorney has applied to [Old Republic] for appointment *as an Approved Attorney*, and

WHEREAS, the parties hereto wish to enter into an agreement pursuant to which [Old Republic] directly or through its policy issuing agents will issue its title insurance commitments, policies and endorsements covering estates or interests in or liens upon real property situated in the State of Georgia *based upon the services, title examinations and opinions of the Approved Attorney . . .* ;

(Emphasis supplied.) The Agreement further obligated appellees "to maintain lawyers professional liability insurance for so long as any liability under this Agreement exists."

In August 2003, Old Republic retained appellees, subject to the terms of the Agreement, to perform a title search on certain real property (the "Property") that Leroy and Brenda Farley had contracted to purchase. Based on the results of that search, Attorney Title then prepared a title insurance commitment for the Farleys, with Nathan signing the title commitment certification. The title examination revealed that in December 2000, the original owners of the Property (from whom the Farleys were purchasing) had conveyed approximately one-half acre of the original tract to Fulton County, via a right of way deed. While Attorney Title listed the right

---

[2] *Williams v. Alvista Healthcare Center*, 283 Ga. App. 613, 613-614 (642 SE2d 232) (2007).

of way deed in the title insurance commitment it prepared, it nevertheless failed to exclude the acreage transferred to Fulton County from the legal description of the Property contained in the commitment. As a result, Old Republic, in reliance on the legal description of the Property contained in the title insurance commitment, issued to the Farleys a title insurance policy that included the acreage previously conveyed to Fulton County.

In 2004, after discovering that they did not have title to the acreage in question, the Farleys made a claim under their title insurance policy. On July 14, 2004, Old Republic paid the Farleys $46,000 to settle that claim. On July 7, 2008, Old Republic initiated the current action, asserting that appellees had breached the Agreement "by failing to less and except the [acreage] conveyed [to Fulton County] from the legal description [of the Property] certified under the [title commitment]." Appellees filed an answer and a contemporaneous motion to dismiss for Old Republic's failure to file with its complaint an expert affidavit, as required by OCGA § 9-11-9.1 (a). The trial court granted that motion, finding that (1) the complaint alleged a claim for professional malpractice and that Old Republic's failure to file the requisite expert affidavit required dismissal; and (2) even absent the affidavit requirement, the action was barred by the applicable statute of limitation. This appeal followed.

1. "Whether a complaint alleges ordinary negligence or professional malpractice is a question of law for the court, regardless of how the plaintiff categorizes [its cause of action]." (Punctuation omitted.) *Grady Gen. Hosp. v. King.*[3]

Old Republic argues that the trial court erred in finding that its complaint stated a claim for professional malpractice because its claim is based on Nathan's conduct as a title examiner, not as an attorney. As a threshold matter, we note that the professions of title examiner and attorney are not mutually exclusive. Rather, as a general rule, title examination is considered a professional, legal service — i.e., a service provided by a lawyer or under his supervision. See, e.g., *Centrust Mtg. Corp. v. Smith & Jenkins, P.C.*[4] (claim against law firm based on a defective title search constituted a claim for professional malpractice); *Brown v. Kinser*[5] (claim against closing attorney for deficiency in title examiner's search characterized as a legal malpractice claim); *Kirby v. Chester*[6] (complaint against attorney for negligent examination or certification of title to real estate

---

[3] *Grady Gen. Hosp. v. King*, 288 Ga. App. 101, 102 (653 SE2d 367) (2007).

[4] *Centrust Mtg. Corp. v. Smith & Jenkins, P.C.*, 220 Ga. App. 394, 396 (1) (469 SE2d 466) (1996).

[5] *Brown v. Kinser*, 218 Ga. App. 385, 386 (461 SE2d 564) (1995).

[6] *Kirby v. Chester*, 174 Ga. App. 881, 882 (1) (331 SE2d 915) (1985).

alleged malpractice). This is true even where an attorney does not personally perform the title search, but merely reviews or approves the results. See *Centrust Mtg. Corp.*, supra, 220 Ga. App. at 396 (1). In its brief, Old Republic offers no cogent argument to explain why the title examination which occurred in this case, performed by an attorney-owned corporation and certified by an attorney, pursuant to an "Approved Attorney Agreement," should be viewed as anything other than a professional, legal service.

Moreover, Old Republic's argument in this regard ignores the terms of the contract that it alleges appellees breached. The Approved Attorney Agreement was very clearly a contract for legal services, in that its stated purpose was to allow Old Republic to issue "its title insurance commitments, policies and endorsements covering estates or interests in or liens upon real property situated in the State of Georgia *based upon the services, title examinations and opinions of the Approved Attorney*." Thus, while the contract dealt with title examination and certification services, the parties clearly contemplated that those services would be performed by an attorney or by one supervised by an attorney. In short, Old Republic did not contract with appellees based upon Nathan's "profession" as a title examiner, but instead contracted with Nathan as an attorney, to provide title examination services.

Old Republic further argues that, because its complaint asserted a breach of contract claim, as opposed to a claim of negligence, the trial court erred in finding that its complaint stated a claim for legal malpractice. This argument, however, fails to acknowledge that "[i]n Georgia legal malpractice is based upon the breach of a duty imposed by the attorney-client contract of employment. . . ." *Riddle v. Driebe*.[7] It is this very kind of contractual breach that Old Republic's complaint alleged. Specifically, the complaint alleged that appellees breached the Agreement by failing to provide an accurate legal description of the Property. That conduct did not constitute a breach of a specific provision of the parties' contract, because the Agreement did not specify what information the Approved Attorney was required to include in a title commitment or state that the Approved Attorney agreed to guarantee the accuracy of all legal descriptions of property provided in such title commitments. Thus, Old Republic's breach of contract claim is based on appellees' negligent performance of the obligations imposed upon them "by law and implied in [their] contractual relationship with [Old Republic]." *Plumlee v. Davis*.[8] Accordingly, Old Republic's complaint stated a claim for legal mal-

---

[7] *Riddle v. Driebe*, 153 Ga. App. 276, 279 (265 SE2d 92) (1980).

[8] *Plumlee v. Davis*, 221 Ga. App. 848, 852 (3) (473 SE2d 510) (1996).

practice based upon appellees' breach of their duty under the Agreement to provide competent legal services. See *Long v. Wallace*.[9]

2. In light of our holding that the trial court properly dismissed Old Republic's complaint for failure to comply with the expert affidavit requirement of OCGA § 9-11-9.1 (a), we need not address the question of whether its claim is time-barred.

3. Finally, we find no merit in Old Republic's assertion that the trial court erred in failing to hold a hearing on the motion to dismiss before granting the same. As Old Republic acknowledges in its brief, there is no rule requiring a trial court to hold a hearing on a motion to dismiss even where, as here, the party opposing the motion requests one.

For the reasons set forth above, we affirm the order of the trial court dismissing Old Republic's complaint.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED JUNE 12, 2009 —
RECONSIDERATION DENIED JULY 13, 2009 

*Dickenson Gilroy, Monica K. Gilroy, Tania T. Trumble,* for appellant.

*Hawkins & Parnell, Thomas R. Mock, Jr.,* for appellees.

---

[9] *Long v. Wallace*, 214 Ga. App. 466, 467 (2) (448 SE2d 229) (1994).