**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 8, 2013**

# In the Court of Appeals of Georgia

A13A0621. DISTRICT OWNERS ASSOCIATION, INC. v. AMEC ENVIRONMENTAL & INFRASTRUCTURE, INC., et al.

DILLARD, Judge.

Richard Corbett filed a premises-liability action against District Owners Association, Inc. ("DOA"), alleging that DOA is liable for the injuries that he sustained on its property when he jumped off a wall that concealed a 33-foot drop between the sidewalk and a parking deck. Thereafter, DOA filed a third-party complaint against AMEC Environmental & Infrastructure, Inc.; Carl Walker, Inc.; Vratsinas Construction Company; and C.W. Matthews Contracting Company, Inc. (collectively "third-party defendants"), as the designers and builders of the wall and parking deck, claiming that the third-party defendants are liable to DOA under theories of common-law indemnification and common-law apportionment. The third-

party defendants filed motions to dismiss DOA's claims, which the trial court granted. DOA now appeals, arguing that the trial court erred in dismissing its common-law indemnification and apportionment claims on the ground that such claims are barred by OCGA § 51-12-33. For the reasons set forth *infra*, we affirm.

The record shows that on January 18, 2010, Richard Corbett was jogging through the Atlantic Station area of Atlanta on a street that ran between a grocery store and the parking deck of a department store. Adjacent to the sidewalk, upon which Corbett was jogging, was a concrete wall approximately 37 inches in height. From Corbett's vantage point (as he jogged along the sidewalk), the ground on the other side of the wall appeared to be only three feet or so lower than the top of the wall, and thus, Corbett assumed that if he jumped over the wall, he could continue his jog through the parking deck on the other side. But as Corbett jumped over the wall, he realized, much to his horror, that the drop off was over 30 feet. Consequently, Corbett fell and suffered serious injuries.

On June 2, 2011, Corbett filed a premises-liability action against DOA, the owner of the Atlantic Station property, alleging, *inter alia*, that DOA was negligent in failing to erect fencing or any other type of barrier to protect pedestrians from jumping or climbing over the wall and injuring themselves. DOA filed an answer and

2

discovery ensued. Several months thereafter, DOA filed a third-party complaint against AMEC, as the successor to the company that designed the concrete wall; Carl Walker, Inc., as the designer of the parking deck; and Vratsinas Construction Company and C.W. Matthews Contracting Company, as the contractors responsible for building the wall and parking deck. In that complaint, DOA sought common-law indemnification or, in the alternative, common-law apportionment for any amount that DOA may ultimately be liable to Corbett.

After filing answers, AMEC, Carl Walker, Inc., and C.W. Matthews filed motions to dismiss DOA's third-party complaint, arguing that DOA's common-law indemnity and common-law apportionment claims were barred by OCGA § 51-12-33. Vratsinas Construction also answered and filed a motion for summary judgment, asserting the same argument as the other third-party defendants. Subsequently, the trial court held a hearing on the issue, and at the conclusion of the hearing, the court granted the third-party defendants' motions. Accordingly, a few weeks later, the trial court issued an order dismissing DOA's third-party complaint. This appeal follows.

At the outset, we note that this Court reviews "de novo the trial court's grant

of a motion to dismiss."[1] And a motion to dismiss may be granted only where "a plaintiff would not be entitled to relief under any set of facts that could be proven in support of the plaintiff's claim."[2] With these guiding principles in mind, we turn now to DOA's specific claims of error.

1. DOA contends that the trial court erred in dismissing its common-law indemnity claim on the ground that OCGA § 51-12-33 abrogated such claims. We disagree.

In addressing DOA's contention, it is first necessary to discuss what OCGA § 51-12-33 actually entails. As the Supreme Court of Georgia has held, "[t]he purpose of the apportionment statute is to have the jury consider all of the tortfeasors who may be liable to the plaintiff together, so their respective responsibilities for the harm can be determined."[3] Toward that end, OCGA § 51-12-33 (b) provides:

> Where an action is brought against more than one person for injury to person or property, the trier of fact, in its determination of the total

---

[1] *Burrowes v. Tenet Healthsystem GB, Inc.*, 319 Ga. App. 389, 390 (735 SE2d 131) (2012) (punctuation omitted). We apply a similar *de novo* standard of review to an appeal from the grant of summary judgment. *See Roberson v. Leone*, 315 Ga. App. 459, 460 (726 SE2d 565) (2012).

[2] *Burrowes*, 319 Ga. App. at 390-91 (punctuation omitted).

[3] *Couch v. Red Roof Inns, Inc.*, 291 Ga. 359, 365 (729 SE2d 378) (2012).

amount of damages to be awarded, if any, shall after a reduction of damages pursuant to subsection (a) of this Code section, if any, apportion its award of damages among the persons who are liable according to the percentage of fault of each person. Damages apportioned by the trier of fact as provided in this Code section shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and shall not be subject to any right of contribution.[4]

Interpreting this subsection of the statute, our Supreme Court has held that "[a]s to contribution, OCGA § 51-12-33 (b) flatly states that apportioned damages 'shall not be subject to any right of contribution,'" and emphasized that "the statute reiterates this point by saying that damages 'shall not be a joint liability among the persons liable.'"[5]

Turning to the issue of indemnity, we note that under Georgia law indemnity is defined "as the obligation or duty resting on one person to make good any loss or damage another has incurred by acting at his request or for his benefit."[6] And despite

---

[4] *See* OCGA § 51-12-33 (b).

[5] *McReynolds v. Krebs*, 290 Ga. 850, 852 (1) (725 SE2d 584) (2012).

[6] *Douglas Asphalt Co. v. Ga. Dep't of Transp.*, 319 Ga. App. 47, 49 (1) (735 SE2d 86) (2012) (punctuation omitted).

the enactment of OCGA § 51-12-33, it is well settled that "Georgia law continues to recognize two broad categories of indemnity: as created by contract, as between a surety and a debtor; and under the common law of vicarious liability, as between principals and agents."[7] Specifically with regard to the latter category, "[i]f a person is compelled to pay damages because of negligence *imputed to him* as the result of a tort committed by another, he may maintain an action for indemnity against the person whose wrong has thus been imputed to him."[8]

In its third-party complaint, DOA alleged that any deficiencies with regard to the concrete wall and parking deck were a result of negligent design and construction by the third-party defendants. Consequently, DOA asserted that "if DOA is found liable in the [plaintiff's] lawsuit, then [the third-party defendants] should indemnify DOA for any amount that DOA may be liable to plaintiff." DOA now argues that in dismissing this claim, the trial court erroneously held that common-law indemnity claims have been abrogated by OCGA § 51-12-33. But contrary to DOA's contention,

---

[7] *City of College Park v. Fortenberry*, 271 Ga. App. 446, 451 (3) (609 SE2d 763) (2005); *see Douglas Asphalt Co.*, 319 Ga. App. at 49 (1); *see also McKee Foods Corp. v. Lawrence*, 310 Ga. App. 122, 124 (712 SE2d 79) (2011) (noting that an employer may be held vicariously liable for the torts of an employee).

[8] *City of Atlanta v. Benator*, 310 Ga. App. 597, 608-09 (8) (714 SE2d 109) (2011) (punctuation omitted).

6

the trial court actually held that "[t]he common law indemnity claim *as set forth by DOA in its Third-Party Complaint* has been abrogated by OCGA § 51-12-33."[9] The trial court went on to add that "[b]ecause DOA has made no allegations of imputed or vicarious liability, it has failed to show that it is entitled to common law indemnity."

We agree with the trial court's assessment of DOA's third-party complaint. Indeed, by its very language the third-party complaint does not allege contractual indemnity or vicarious liability based on any agent-principal or employer-employee relationship. Rather, the complaint seeks payment from the third-party defendants as joint tortfeasors for any amount that DOA is ultimately found liable to the plaintiff.[10] Thus, because no allegations of imputed negligence or vicarious liability have been made in this case, "common law indemnity principles do not apply . . . ."[11]

---

[9] (Emphasis supplied).

[10] *Cf. Zurich Am. Ins. Co. v. Heard*, ___ Ga. App. ___, Slip op. at 11 (2) (Case No. A12A2544; decided March 28, 2013) ("The test for determining joint tortfeasors is whether the separate and independent acts of negligence of two or more persons or corporations combine naturally and directly to produce a single indivisible injury . . . ." (punctuation omitted)).

[11] *Benator*, 310 Ga. App. at 609 (8) (punctuation omitted) (reversing denial of motion to dismiss because city's cross-claims for indemnity failed to allege imputed negligence or vicarious liability).

Accordingly, the trial court did not err in dismissing DOA's common-law indemnity claim.

2. DOA further contends that the trial court erred in dismissing its common-law apportionment claim on the ground that OCGA § 51-12-33 precludes a separate cause of action for such claims. We disagree.

Here, DOA's third-party complaint alleged, in the alternative to its common-law indemnity claim, that "under OCGA § 51-12-33, to the extent that the trier of fact determines that DOA is liable to plaintiff for damages, those damages must be apportioned among [the third-party defendants]." And DOA argues that this common-law apportionment claim is perfectly viable despite the enactment of OCGA § 51-12-33, and is merely an alternative means by which to ensure apportionment of damages. We do not find this argument persuasive.

Under OCGA § 51-12-33 (c), "[i]n assessing percentages of fault, the trier of fact shall consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit."[12] OCGA § 51-12-33 (d) (1) further provides that "[n]egligence or fault of a nonparty shall be considered if the plaintiff entered into a

[12] See OCGA § 51-12-33 (c).

8

settlement agreement with the nonparty or if a defending party gives notice not later than 120 days prior to the date of trial that a nonparty was wholly or partially at fault."[13] And OCGA § 51-12-33 (d) (2) describes the means by which to notice nonparties for apportionment, stating "[t]he notice shall be given by filing a pleading in the action designating the nonparty and setting forth the nonparty's name and last known address . . . ."[14]

Despite the fact that the language in OCGA § 51-12-33 does not mention a separate right of action for apportionment, DOA nevertheless asserts that such a cause of action is still viable. But if the General Assembly had intended to create such a cause of action when it enacted the statute it would have said so.[15] Furthermore, and contrary to DOA's contention, not only did OCGA § 51-12-33 fail to create a cause of action for apportionment, it abrogated such actions under the common law. Indeed,

---

[13] *See* OCGA § 51-12-33 (d) (1).

[14] *See* OCGA § 51-12-33 (d) (2).

[15] *See Ga. Power Co. v. Cazier*, ___ Ga. App. ___, Slip op. at 6 (1) (Case No. A12A2440; decided March 29, 2013) (holding that if the General Assembly had intended to create a cause of action within a statute allowing persons to seek refunds of erroneously paid sales taxes "it could have simply said so" (punctuation omitted)); *see also Couch*, 291 Ga. at 362 (1) (holding that if the General Assembly had intended to exclude intentional acts from apportionment, it would have done so).

9

it is unnecessary for a statute "to expressly say, this is intended to preempt the common law."[16] And pursuant to this principle, the Supreme Court of Georgia has specifically held that in enacting OCGA § 51-12-33, the General Assembly intended to displace the common law of apportionment.[17]

Citing *Murray v. Patel*,[18] DOA nevertheless argues that third-party actions such as its common-law apportionment claim have not been abolished by the enactment of OCGA § 51-12-33. Again, we disagree. In *Murray*, we concluded that the third-party practice statute was not necessarily incompatible with the apportionment statute, holding that "the plain language of OCGA § 51-12-33 (b) requires that the factfinder apportion liability between the defendant and the third-party defendant, and neither has the right of contribution against the other."[19] As a general principle of law, this is still correct. In fact, as noted in Division 1, *supra*, we have no reason to dispute that actual claims for common-law indemnity, which we have held DOA did not allege

---

[16] *Couch*, 291 Ga. at 364 (1) (punctuation omitted).

[17] *See id.* (noting that the General Assembly's intent to displace the common law of apportionment is demonstrated by, *inter alia*, the language in subsection (g) of OCGA § 51-12-33).

[18] 304 Ga. App. 253 (696 SE2d 97) (2010).

[19] *Id.* at 255 (2).

10

here, are still viable. However, in the time since *Murray* was decided, as previously noted, our Supreme Court has held that OCGA § 51-12-33 supplanted claims for common-law contribution and apportionment.[20] Given these circumstances and the resulting legal landscape forged by same, we are dubious as to the extent of *Murray's* continuing precedential value. Accordingly, for all of the foregoing reasons, we conclude that the trial court did not err in dismissing DOA's common-law apportionment claim.

*Judgment affirmed. Andrews, P. J., and McMillian, J., concur.*

---

[20] *See Couch*, 291 Ga. at 364 (1); *McReynolds*, 290 Ga. at 852 (1).

11