**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 30, 2015**

# In the Court of Appeals of Georgia

A15A1068. HINES et al. v. HOLLAND et al.

MCMILLIAN, Judge.

The sole issue in this appeal is whether the trial court erred by dismissing a third-party complaint for contribution and indemnification filed by Matthew C. Hines, individually, and the Hines Law Firm, P.C., (collectively referred to as "Hines"), against non-attorneys Hazel A. Holland and Holland Title Limited Liability Company (singularly referred to as "Hazel" and "Holland Title" and collectively referred to as "Holland") after Hines was sued by title insurer First American Title Insurance Company ("FATIC") for professional malpractice in rendering an opinion on the status of title to land related to a real estate closing. As more fully set forth below, we find no error and affirm.

The relevant facts are essentially undisputed.[1] Hines was retained as the settlement agent/closing attorney in connection with the refinancing of a loan related to certain real property (the "Property"). Hines hired Holland to perform the title examination of the Property, and the title examination revealed an open security deed to Berkley Park Properties, LLC ("Berkley Park"), as lender ("Berkley Loan"); however, another open loan secured by a security deed to the Bank of North Georgia's predecessor, as lender, in which Berkley Park was the borrower ("Bank of North Georgia Loan") was not identified when Holland performed the title search. Hines subsequently conducted the loan closing and disbursed payment for the Berkley loan but did not pay off or seek a release of the Bank of North Georgia loan. After the Berkley Loan was paid off, Hines, as title agent, rendered a legal opinion to FATIC to the effect that the property at issue was now free and clear of encumbrances. Based on this representation, FATIC then issued a lender/owner title insurance policy.

---

[1] Further, Hines' third-party complaint is construed in his favor, and all doubts regarding his third-party complaint are likewise resolved in his favor. *Austin v. Clark*, 294 Ga. 773, 775 (755 SE2d 796) (2014). Accordingly, although disputing some of Hines' facts as stated in his appellate brief, Holland acknowledges that such disputes are immaterial to this appeal.

Some time later, foreclosure proceedings were instituted on the Bank of North Georgia loan. The property owner was given notice of the foreclosure sale, and she notified FATIC of the impending foreclosure. FATIC ultimately paid off the outstanding loan amount of $144,985.17 and obtained a release to prevent the foreclosure sale and protect the owner's/ insured's interest in the Property.

FATIC subsequently filed a legal malpractice and indemnification action against Hines based on Hines' failure to disclose and obtain a discharge and release of the Bank of North Georgia Loan in connection with the closing. Hines answered and filed a third-party complaint against Holland Title seeking contribution and indemnification for any damages Hines might be liable to pay FATIC, asserting that Holland Title breached the standard of care it owed to Hines in performing the title search and that it breached an unspecified oral contract between the parties. Subsequently, and without first seeking permission from the trial court, Hines amended his third-party complaint to add Hazel individually as a third-party defendant; Hines later moved for permission to add Hazel as a party to the lawsuit. Holland filed a motion to dismiss, asserting that because Hazel and the other Holland title examiners were not attorneys, they could not render a legal "opinion" on the status of the title to land and that, therefore, Holland could not be liable for any

portion of the legal malpractice claim against Hines. Hazel Holland also filed a response to Hines' motion to add her as a party, contending that Hines' motion should be denied because, among other things, he had not attempted to pierce the corporate veil or made any allegations that she, individually, had committed a tort or breached a contract. Following a hearing, the trial court denied Hines' motion to add Hazel as third-party defendant and dismissed Hines' third-party claims on the basis that Hines could not seek indemnity or contribution from Holland for FATIC's professional negligence claim against Hines.[2]

FATIC and Hines subsequently entered into a consent judgment pursuant to which Hines agreed to pay FATIC the full amount paid out under the title insurance policy. Within 30 days of the entry of the consent judgment, Hines filed his notice of

---

[2] Hines and FATIC sought a certificate of immediate review of the trial court's order, and the trial court signed the certificate on April 30, 2012, which was filed with the lower court clerk on May 1, 2012. We initially granted Hines' application for interlocutory review, but then dismissed the appeal because the certificate of immediate review was not obtained within ten days of the judgment sought to be reviewed. However, our earlier dismissal of Hines' procedurally faulty interlocutory appeal does not foreclose our consideration of this appeal. *Canoeside Properties, Inc. v. Livsey*, 277 Ga. 425, 426 (1) (589 SE2d 116) (2003); see also *Sotter v. Stephens*, 291 Ga. 79, 84 (727 SE2d 484) (2012).

appeal, challenging only the trial court's order granting the third-party defendants' motion to dismiss.[3]

1. In Georgia, third-party practice is governed by OCGA § 9-11-14. Under subsection (a) of OCGA § 9-11-14, a third-party complaint may be brought by the defendant, as a third-party plaintiff, "upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." As our appellate courts have expounded, subsection (a)

> authorizes a defendant, as a third-party plaintiff, to file a claim against a third-party defendant for secondary liability on the plaintiff's claim, i.e., a claim for liability over, but not a direct claim for damages. [Thus, an] absolute requirement of every third-party proceeding is that its purpose must be to impose upon the third-party defendant a liability for part or all of the liability asserted by the original plaintiff against the third-party plaintiff. A third-party action may be maintained only against one who is secondarily liable to the original defendant for part or all of the original plaintiff's claim. When a recovery by the plaintiff against the defendant would necessarily be followed by recovery for the defendant against the third-party defendant, then a third-party action is proper. . . . [I]t is not a device for bringing into an action any

---

[3] Although this appeal follows the entry of a consent judgment between FATIC and Hines, we have jurisdiction to review the earlier interlocutory order granting Holland's motion to dismiss the third-party complaint. See *O'Dell v. Mahoney*, 324 Ga. App. 360, 361 (1) (750 SE2d 689) (2013).

5

controversy which may happen to have some relationship with it. . . . [A] defendant cannot assert an entirely separate claim against the third-party even though it arises out of the same general set of facts as the main claim. There must be an attempt to pass on to the third-party all or part of the liability asserted against the defendant but not to tender the third-party as a substitute defendant.

(Citations and punctuation omitted.) *Cohen v. McLaughlin*, 250 Ga. 661, 662 (1) (301 SE2d 37) (1983). See also *Satilla Community Svc. Board v. Satilla Health Svcs., Inc.*, 275 Ga. 805, 809 (573 SE2d 31) (2002) (Hines, Justice, concurring). Stated more succinctly, "[t]his section does not authorize defendant to seek affirmative relief solely on his own behalf. Instead, the complaint must be predicated on secondary or derivative liability. . . ." (Citation omitted.) *McCray v. Fed. Nat. Mtg. Assn.*, 292 Ga. App. 156 160 (3) (663 SE2d 736) (2008). Typically then, the "third-party plaintiff must establish a right over against the third-party defendant either by indemnity[,] . . . subrogation, contribution or warranty." (Citation and punctuation omitted.) *ARA Transp. v. Barnes*, 183 Ga. App. 424, 425 (1) (359 SE2d 157) (1987). Against this backdrop, we now turn to the specific allegations of Hines' third-party complaint and consider whether he has asserted any claims of derivative liability.

(a) *Contribution.* OCGA § 51-12-32 sets out a statutory right of contribution, subject to certain limitations not pertinent here. See *Zurich American Ins. Co. v. Heard*, 321 Ga. App. 325, 330 (1) (740 SE2d 429) (2013) (explaining that the statutory right of contribution has not been completely abolished by the legislature's enactment of the OCGA § 51-12-33, Georgia's apportionment statute); see also *Dist. Owners Assn., Inc. v. AMEC Environmental & Infrastructure, Inc.*, 322 Ga. App. 713, 718 (2) (747 SE2d 10) (2013) (noting that "our Supreme Court has held that OCGA § 51-12-33 supplanted claims for common-law contribution and apportionment"). But, as expressly stated in the statute, "[t]he right to contribution relates only to joint *tortfeasors*, and where the proposed defendant *cannot* be made liable as a joint tortfeasor, the contribution action does not state a claim." (Citations and punctuation omitted; emphasis in original.) *Greenhorne & O'Mara, Inc. v. City of Atlanta*, 298 Ga. App. 261, 262 (679 SE2d 818) (2009). See also *Ga. Ports Auth. v. Andre & Co.*, 262 Ga. App. 591, 596 (5) (a) (585 SE2d 883) (2003) ("[a]n alleged joint tortfeasor who cannot be held liable on the underlying tort claim cannot be held liable for contribution or indemnity"), rev'd on other grounds, *Hines v. Ga. Ports Auth.*, 278 Ga. 631 (604 SE2d 189) (2004); *Southern R. Co. v Brewer*, 122 Ga. App. 292, 293 (176 SE2d 665) (1970) (third-party complaint based on contribution could not be

7

maintained against third-party defendant who was not subject to suit by the plaintiff for negligence).

Here, we need not parse whether the non-attorney title examiners could be joint tortfeasors in this suit involving a legal malpractice claim because Hines has specifically denied that Holland is a joint tortfeasor with him. Hines argues instead that "as a result of the defective title examination conducted by [Holland], [Holland] are tortfeasors *as to* [Hines], and therefore secondarily liable for damages that [Hines] is ultimately obligated to pay FATIC pursuant to the judgment entered in this case[.]" (Emphasis supplied.) Accordingly, because Hines has not asserted a claim for contribution under OCGA § 51-12-32, the trial court did not err by dismissing Hines' third-party complaint to the extent it was grounded on a claim for contribution.

(b) *Indemnity*. Hines also asserted a claim for indemnity against Holland. Following the enactment of OCGA § 51-12-33, "Georgia law continues to recognize two broad categories of indemnity: as created by contract, as between a surety and a debtor; and under the common law of vicarious liability, as between principals and agents." (Citations and punctuation omitted.) *AMEC*, 322 Ga. App. at 715 (1). Here, there is no contention that an express contract of indemnity exists between the third parties. Further, as to the second category of indemnity, we have held that this type

8

of "[i]ndemnification contemplates imputed liability arising from the torts of another. A person who is compelled to pay damages because of liability imputed to him as the result of a tort committed by another may maintain an action for indemnity against the person whose wrong has been imputed to him." *Auto-Owners Ins. Co. v. Anderson*, 252 Ga. App. 361, 363 (1) (556 SE2d 465) (2001). Stated somewhat differently, "if a person is compelled to pay damages because of negligence *imputed to him* as the result of a tort committed by another, he may maintain an action for indemnity against the person whose wrong has thus been imputed to him." (Citation and punctuation omitted; emphasis in original.) *AMEC,* 322 Ga. App. at 715-716 (1).

As noted above, Hines is not alleging that he is vicariously liable for Holland's alleged omissions; rather, he alleges that Holland has breached a standard of care owed directly *to him* and that Holland is a tortfeasor as *to him*. Moreover, to the extent he alleges that Holland's failure to identify the outstanding security deed recorded by Bank of North Georgia was the proximate cause of any damages suffered by FATIC, he has not alleged that he is liable for these damages based on an assertion of imputed, vicarious, or derivative liability. Rather, he asserts, in essence, that Holland's negligence caused him to be professionally negligent and that he has a claim for indemnity against Holland.

9

Although non-attorneys in Georgia have been granted an express statutory right to examine records of titles to real property and to prepare and issue abstracts of title, our legislature has also provided that only "an attorney at law [is authorized] to express, render, or issue any legal opinion as to the status of the title to real or personal property." OCGA § 15-19-53. Thus, an action for legal malpractice will lie against an attorney or law firm who issues a defective title examination or report, and this is true even when the defendant attorney does not personally perform the search, but merely reviews or approves the results. See *Old Republic Nat. Title Ins. Co. v. Attorney Title Svcs., Inc.*, 299 Ga. App. 6, (9) (1) (682 SE2d 132) (2009) overruled on other grounds by, *Newell Recycling of Atlanta, Inc. v. Jordan Jones & Goulding, Inc.*, 288 Ga. 236, 239 (703 SE2d 323) (2010), and cites.[4]

Further, this is in accord with OCGA § 15-19-54, which provides that while "a person, corporation, or voluntary association [may furnish] any person lawfully engaged in the practice of law such information or clerical services in and about his professional work," it is "the attorney receiving the information or services [who] shall [at all times] maintain full professional and direct responsibility to his clients for

---

[4] We have previously "note[d] that the professions of title examiner and attorney are not mutually exclusive." *Old Republic Nat.*, 299 Ga. App. at (8) (1).

the information and services received." Id. Accordingly, by statute, only Hines can render a legal opinion on the status of title to property, and Hines is directly responsible to his client for his opinion on the status of the title to the Property. Whether he bases that opinion on information supplied to him by non-attorneys or garners the information himself, Hines is directly, rather than vicariously, liable for any claim of professional negligence arising out of the title examination.[5]

(c) Moreover, to the extent that Hines is claiming that Holland's negligence was the sole proximate cause of the injury for which recovery is sought, he is in effect seeking impermissibly to tender a substitute defendant. *J. Smith Lanier & Co. v. Acceptance Indem. Ins. Co.*, 272 Ga. App. 789, 793 (1) (a) (B) (612 SE2d 843) (2005)[6] ("OCGA § 9-11-14 does not allow the tender of another defendant who is or may be liable to the plaintiff"); *Brabham v. Brown*, 147 Ga. App. 766, 767 (250 SE2d

---

[5] We note that *Southern Land Title, Inc. v. North Ga. Title, Inc.*, 270 Ga. App. 4 (606 SE2d 43) (2004) is inapposite to the issues raised in this appeal for a number of reasons. First, that case did not involve a claim, much less a third-party claim, by an attorney against the non-attorney title examiners who performed the title examination and issued the title report, and thus provides no authority for an attorney who is sued because of a defective title opinion to file third-party claims against a non-attorney title examiner. Moreover, none of the issues currently before us were raised or addressed in that appeal.

[6] This case was reversed on unrelated grounds in *J. Smith Lanier & Co. v. Acceptance Indem. Ins. Co.,* 280 Ga. 508 (630 SE2d 404) (2006).

11

495) (1978). Based on the foregoing, the third-party complaint was properly dismissed on the basis that no claim for indemnity had been stated.[7]

2. Hines also contends the trial court erred by holding that he cannot assert separate legal claims based on the same underlying facts as the original complaint, and by holding that Holland cannot be impleaded based on theories of simple negligence and breach of contract. Pretermitting whether the trial court actually made any holdings on these issues, even implicitly, and to the extent Hines' arguments in support of these enumerations have not been addressed in Division 1 above, we note that while it is true that "[i]t is immaterial that the liability of the third-party rests on *a different theory* from that underlying plaintiff's claim," it is also true that *independent* claims not based on secondary liability cannot form the basis for a third-party action. (Citations and punctuation omitted.) *Knapp v. Lolley*, 177 Ga. App. 786, 787 (341 SE2d 306) (1986), Thus, because we have determined that Hines has not asserted a derivative or secondary liability claim against Holland for the acts of professional negligence he is alleged to have committed, it follows that he cannot use

---

[7] We note also that Hines has not asserted any claim based on the existence of a warranty. See *Smith, Kline & French Laboratories v. Just*, 126 Ga. App. 643 (191 SE2d 632) (1972) (third-party complaint against pharmaceutical manufacturer based on implied warranty proper in wrongful death action against prescribing doctor).

12

a third-party complaint to assert any independent causes of action he may have against Holland. However, we caution that our opinion should not be read as holding that Hines has no viable claims against Holland based on the title examination and report at issue, and we expressly decline to address this issue.

3. Based on the foregoing, we need not consider whether the trial court abused its discretion by denying Hines' motion to add Hazel Holland, individually, as a third-party defendant. And in any event, we note that "[t]he decision whether to grant or deny a motion for leave to implead a third-party defendant is one committed to the sound discretion of the trial court, and the timeliness of the motion is a factor governing the exercise of such discretion. Where the motion for interpleader is not promptly made and the movant offers no reasonable excuse for the delay, the motion may be properly denied." (Citations and punctuation omitted.) *Hovendick v. Presidential Financial Corp.*, 230 Ga. App. 502, 506 (7) (497 SE2d 269) (1998). Here, Hines waited over two months after he filed his original answer and third-party complaint to attempt to add Hazel to his third-party complaint and has offered no reasonable excuse for the delay. Accordingly, for all the foregoing reasons, the trial court properly denied the motion to add Hazel Holland as a third-party defendant.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur*.

13