# FIFTH DIVISION
## REESE, P. J.,
## MARKLE and COLVIN, JJ.

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**_DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES._**

**August 26, 2020**

# In the Court of Appeals of Georgia

A20A1057, A20A1058. HAVENBROOK HOMES, LLC et al. v. INFINITY REAL ESTATE INVESTMENTS, INC. et al.; and vice versa.

A20A1059. HAVENBROOK HOMES, LLC et al. v. WILLIAMS.

A20A1060. INFINITY REAL ESTATE INVESTMENTS, INC. v. HAVENBROOK HOMES, LLC et al.

MARKLE, Judge.

After Gloria Williams and Sharon Williams were seriously injured when the deck at Sharon's home collapsed during a family gathering, Gloria filed a personal injury action against RHA1, the property owner; Havenbrook Homes, LLC, the property manager; Havenbrook Construction, LLC;[1] Infinity Real Estate Investments,

---

[1] We refer to these Havenbrook entities and RHA1 collectively as "the Havenbrook defendants." Havenbrook Construction's purpose is described as an entity that acquired property for RHA1 prior to 2015 and performed construction activities. Those acquisitions did not include the property involved in this case.

Inc. ("Infinity"), the contractor for Havenbrook Homes; and TMC Services, LLC ("TMC"), the subcontractor that performed the repairs. And Sharon filed suit against Havenbrook Homes and RHA1 for negligence.[2] Following various motions for summary judgment related to claims for breach of contract and indemnification, the trial court (1) granted Infinity's motion with respect to RHA1's and Havenbrook Homes's breach of contract and indemnification claims; (2) dismissed the Havenbrook defendants' common law claims for indemnification against Infinity, (3) granted Sharon's motion for partial summary judgment arising from the Havenbrook defendants' breach of contract counter-claim; and (4) allowed Havenbrook Construction's cross-claim against Infinity for breach of contract to proceed.

These appeals and cross-appeals ensued. In Case Nos. A20A1057 and A20A1059, the Havenbrook defendants argue that the trial court erred in granting Infinity's motion for partial summary judgment and denying their corresponding motion with regard to claims for breach of contract, indemnification, and insurance issues. They further argue that the trial court erred in granting Sharon's motion and denying their motion for summary judgment based on Sharon's alleged breach of the rental agreement. In Case Nos. A20A1058 and A20A1060, Infinity appeals from the

---

[2] The merits of Sharon's negligence claims are not before us in this appeal.

2

trial court's order denying its motion for partial summary judgment regarding Havenbrook Construction's cross-claims for breach of contract and indemnity. After a thorough review of the record, we affirm the trial court's order as to all motions.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant." (Citation omitted.) *Sanderson Farms, Inc. v. Atkins*, 310 Ga. App. 423 (713 SE2d 483) (2011).

So viewed, the record shows that RHA1 was the owner of residential property that was managed by Havenbrook Homes. At some time prior to 2015, Havenbrook Construction was involved in the acquisition of properties for RHA1. Havenbrook Construction entered into a Trade Contract Agreement ("TCA") with Infinity to provide construction work at Havenbrook Construction's properties.

Havenbrook Homes, as the property manager, employed a number of renovation technicians whose job was to "turn" the property between renters. This task included inspecting the property and determining whether there were any repairs needed. If the renovation technician identified any issues or repairs, the technician would create a scope of work to be given to the "turn" contractor. The contractor

3

would meet the renovation technician at the property, discuss the scope of work, including asking any clarifying questions or pointing out any other defects, and then provide an estimate of the work. Once the contractor completed the work, the renovation technician reinspected the site to confirm the work had been completed properly, at which point the renovation technician would sign off on a completion report.

In 2016, a renter moved out of one of RHA1's properties in Decatur, and renovation technician Mike Donahue began the "turn" process to prepare for the new renter, Sharon Williams. The home had two separate, but adjacent, wooden decks in the back; the first deck had been on the house since the 1970s, but the second portion had been added more recently. When he inspected the house, Donahue noted that one of the decks needed additional bolts where it connected to the house. Donahue created a scope of work for the project, but did not specify whether the bolts were to be added to the older or newer portion of the deck. Infinity bid out the job, and then relied on its subcontractor, TMC, to do the work.

TMC installed the bolts only on the newer portion of the deck. After the bolts were installed, Donahue signed off on the completion report. Although he could not remember, Donahue thought it was possible that he instructed TMC to add bolts to

4

the older portion of the deck as well, but it is undisputed that bolts were never attached to the older section.

In 2017, Sharon signed the lease and moved into the home. A few months later, Sharon hosted a family gathering there and, as she and Gloria were on the deck with a few other people, the older portion of the deck separated from the house and collapsed. Sharon and Gloria were seriously injured as a result.

Gloria filed the instant action against the Havenbrook defendants, Infinity, and TMC, alleging that each defendant was negligent in their repairs to, and inspection of, the deck, as well as in their supervision of the work. Sharon also filed a negligence claim against each defendant.

Thereafter, Havenbrook Construction filed a cross-claim against Infinity for indemnification, contribution, and breach of contract arising from the alleged negligent repairs and contractual obligations to indemnify and contribute. RHA1 and Havenbrook Homes filed a counterclaim against Sharon, and a third-party complaint against Sharon and Infinity, alleging that (1) Infinity breached its contract with Havenbrook Homes and RHA1 when it failed to properly inspect and perform the repairs, and that the TCA required indemnification and contribution for Infinity's

5

negligent work, and (2) Sharon breached the rental agreement by failing to obtain liability insurance and to indemnify them under the terms of the contract.[3]

Following discovery, Infinity filed a motion for partial summary judgment against the Havenbrook defendants, arguing that the breach of contract claims failed because there was no contract between RHA1 and Infinity, and that the common law claims for indemnification and contribution failed as a matter of law.[4] Havenbrook Construction and RHA1 also moved for partial summary judgment against Infinity, alleging Infinity breached the TCA by failing to obtain insurance, have a supervisor on the job site, understand the scope of work, and inspect the deck; and that the TCA required Infinity to indemnify them. They also argued that RHA1 was a third-party beneficiary of the TCA.

The Havenbrook defendants moved for partial summary judgment against Gloria and Sharon, arguing, as is relevant to this appeal, that Sharon breached the rental agreement when she failed to obtain liability insurance or indemnify them.

---

[3] Infinity, in turn, filed a fourth-party complaint against TMC for common law indemnification and contribution. TMC was later dismissed from Gloria's and Sharon's complaints, but remained in the case as a fourth-party defendant.

[4] Infinity also filed a motion for summary judgment as to Gloria's claims against it, but the resolution of this motion is not before us on appeal.

Sharon also moved for summary judgment on these claims, arguing that a contract requiring insurance and indemnification was void under OCGA §§ 13-8-2 (b) and 44-7-2 (b), and that there was no claim for common law indemnification in the absence of vicarious liability, which the defendants did not allege.

Following a hearing, the trial court (1) granted Infinity's motion with respect to Havenbrook Homes's and RHA1's claims for breach of contract and indemnification because neither entity was a party to the TCA nor were they third-party beneficiaries; (2) denied the motion with respect to Havenbrook Construction's cross-claim for breach of contract; (3) dismissed the common law claims for indemnification and contribution as abrogated by statute; (4) denied the Havenbrook defendants' motion against Infinity arising from breach of contract; and (5) granted Sharon's motion for partial summary judgment and denied the Havenbrook defendants' corresponding motion based on breach of contract, finding that the indemnification and insurance provisions in the rental agreement were void. These appeals and cross appeals followed.

*Case Nos. A20A1057 and A20A1059*

1. In these appeals, the Havenbrook defendants appeal from the trial court's order (1) granting in part Infinity's motion for summary judgment and denying their

7

corresponding motion based on breach of contract; (2) dismissing their common law claims for indemnification; and (3) granting Sharon's motion for summary judgment and denying their corresponding motion regarding Sharon's breach of the rental agreement. We address each in turn, finding no merit to any of the arguments.

> On appeal, this Court's review of a trial court's construction of a contract is de novo. To begin our inquiry, we invoke the familiar framework of contractual construction, which involves three steps: First, the trial court must decide whether the language is clear and unambiguous. If it is, the court simply enforces the contract according to its clear terms; the contract alone is looked to for its meaning. Next, if the contract is ambiguous in some respect, the court must apply the rules of contract construction to resolve the ambiguity. Finally, if the ambiguity remains after applying the rules of construction, the issue of what the ambiguous language means and what the parties intended must be resolved by a jury. The cardinal rule of contract construction is to ascertain the intention of the parties. When the terms of a contract are clear and unambiguous, the reviewing court looks only to the contract itself to determine the parties' intent. In the face of ambiguity, we must look to the entirety of the agreement to determine the intent of the parties. Indeed, it is axiomatic that contracts must be construed in their entirety and in a manner that permits all of the terms contained therein to be consistent with one another.

(Citations and punctuation omitted.) *Langley v. MP Spring Lake, LLC*, 307 Ga. 321, 323–324 (834 SE2d 800) (2019).

a. *RHA1's breach of contract claims*.

RHA1 first argues that the trial court erred in granting summary judgment to Infinity on the breach of contract claims. First, it argues that it was a third party beneficiary of the TCA, and it notes that the TCA does not include any language excluding third party beneficiaries.[5] Pointing to the language in the TCA expressing that the contract covers projects "constructed on land owned by another," RHA1 also contends that the parties intended the TCA to cover work done on RHA1's property, and that Infinity admitted that the TCA controlled the repair work on the deck. Finally, RHA1 argues that any ambiguity in the contract creates a jury question, making summary judgment improper. We disagree.

Here, the trial court correctly found that the TCA was between Infinity and Havenbrook Construction. It is well settled that one must be a party to a contract to seek its enforcement or damages due to a breach, and the plain language of the

---

[5] Infinity suggests that we should deem this enumeration abandoned based on the Havenbrook defendants' alleged failure to include citations to the record. A review of the brief shows that they have complied with our rules. We therefore decline to consider this argument abandoned.

contract shows these two entities were the only parties. *Scott v. Cushman & Wakefield of Ga., Inc.*, 249 Ga. App. 264, 265 (547 SE2d 794) (2001). The fact that the contract applies to work done on property owned by someone else does not make RHA1 a party to the contract.[6] See *Jai Ganesh Lodging, Inc. v. David M. Smith, Inc.*, 328 Ga. App. 713, 718-719 (2) (760 SE2d 718) (2014). As such, RHA1 can only seek to enforce the terms of the TCA if it was a third-party beneficiary. OCGA § 9-2-20 (b); *Jai Ganesh Lodging, Inc.*, 328 Ga. App. at 718 (2).

But RHA1 was not a third-party beneficiary to the contract.

[T]he intent to create a third-party beneficiary must appear on the face of a contract. In order for a third party to have standing to enforce a contract, it must clearly appear from the contract that it was intended for his benefit. The mere fact that he would benefit from performance of the agreement is not alone sufficient. Because a third-party beneficiary may be created only by the express terms of the contract, a court does not generally consider parol evidence in its analysis.

(Citations and punctuation omitted.) *Perry Golf Course Dev., LLC v. Housing Auth. of City of Atlanta*, 294 Ga. App. 387, 388 (1) (670 SE2d 171) (2008); see also OCGA

---

[6] Although Havenbrook remained in existence at the time of the deck collapse, it no longer engaged in any acquisitions, and it was not involved in any "construction" on Sharon's deck.

10

§ 9-2-20 (b); *Jai Ganesh Lodging, Inc.*, 328 Ga. App. at 718-719 (2) (owner of property was not third party beneficiary of contract between contractor and subcontractor for work done on the property). A contract is intended to benefit a third party when "the promisor engages to the promisee to render some performance to a third person." *Starrett v. Commercial Bank of Ga.*, 226 Ga. App. 598, 599 (1) (486 SE2d 923) (1997).

As set forth above, the parties to the TCA were Havenbrook Construction and Infinity, and it does not "clearly appear from the contract" that the parties intended RHA1 to be a third-party beneficiary. *Perry Golf Course Dev., LLC*, 294 Ga. App. at 388 (1). Although the Havenbrook defendants contend that Infinity admitted it knew that TCA applied to work performed for the benefit of RHA1, we look only to the face of the contract, and we may not consider parol evidence from deposition testimony to create an issue of fact. *Perry Golf Course Dev., LLC*, 294 Ga. App. at 388 (1).

The Havenbrook defendants further argue that the language in the TCA demonstrates that the parties intended RHA1 to be a third party beneficiary. Specifically, they point to the language that it covered all projects "constructed on land owned by another." But that argument is misplaced. See *Agard v. PRP Property*

11

*Mgmt.*, __ Ga. App. __ (840 SE2d 466, 469 (3)) (2020) (renter's husband was not a party to the residential lease and was not listed as resident or occupant under the lease, and thus he was not third party beneficiary). Moreover, nothing in the contract's language was specific to this property or the repairs and maintenance at this location.

The fact that the parties may have operated as if this agreement controlled the conduct between Havenbrook Homes and Infinity also does not make RHA1 a third-party beneficiary.[7] There is no express indication in the contract that RHA1 was an intended third-party beneficiary. See *Walls, Inc. v. Atlantic Realty Co.*, 186 Ga. App. 389, 391-392 (1) (367 SE2d 278) (1988) (property owner was not a third-party beneficiary of contract between contractor and subcontractor even though indemnification provision in contract required subcontractor to indemnify owner); see also *Perry Golf Course Dev., LLC*, 294 Ga. App. at 388 (1). Additionally, the TCA specifically provides that "[n]o representation, promise, or inducement not included

---

[7] In 2017, a Trade Services Agreement replaced the TCA, and this new agreement named Havenbrook Homes and Infinity as signatories. Like the TCA, this agreement contained an indemnification provision covering injuries or damage caused by Infinity's or its subcontractor's negligence in providing services or a breach of the agreement. It also contained an insurance clause requiring Infinity to obtain insurance coverage and to list Havenbrook Homes as an additional insured.

12

in the [TCA] is relied upon or shall be binding on either party." Such language

supports our conclusion that RHA1 is not an intended third-party beneficiary of the

TCA. As a result, RHA1 was neither a party to, nor a third-party beneficiary of, the

TCA, and the trial court properly granted summary judgment to Infinity on RHA1's

and Havenbrook Homes' claim for breach of contract.

b. *Common law indemnification claims*.

The Havenbrook defendants argue that the trial court erred in dismissing its

common law claims for indemnification because a jury could find that the claims

were based on imputed or vicarious liability under OCGA § 51-2-5.[8] We disagree.

"As a general rule, an employer is not liable for the torts of its independent

contractor. Under an exception to this rule, however, an employer is liable for the

negligence of an independent contractor who is performing the employer's

nondelegable statutory duty." (Citation and punctuation omitted.) *Cooper Tire &*

*Rubber Co. v. Merritt*, 271 Ga. App. 16, 20 (1) (b) (608 SE2d 714) (2004); see also

OCGA § 51-2-5. An owner has a statutory duty to keep the premises in good repair

---

[8] Under OCGA § 51-2-5, an employer can be liable for acts of is contractor when the contractor's wrongful act violates a statute or a duty under the terms of the contract, or where the employer ratifies the conduct. We note that Infinity was not an employee of the Havenbrook defendants; it was an independent contractor.

13

and can be liable for negligence related to the failure to do so. See OCGA §§ 44-7-13, 44-7-14.

A person may be obligated to indemnify another either by terms of a contract or by operation of law, such as where negligence has been imputed to him based on another's tort. *Nguyen v. Lumbermens Mut. Cas. Co.*, 261 Ga. App. 553, 556 (2) (583 SE2d 220) (2003). Here, however, a review of the record shows that the claims against the Havenbrook defendants involve their *own* negligence in inspecting the deck and failing to supervise the contractor. Because there is no claim for imputed negligence, the Havenbrook defendants are not entitled to indemnification under common law. *Nguyen*, 261 Ga. App. at 556 (2). Moreover, no allegation in the third-party complaint or Havenbrook Construction's cross-claim raises vicarious liability or imputed negligence. See *District Owners Assn., Inc. v. AMEC Environmental & Infrastructure, Inc.*, 322 Ga. App. 713, 716 (1) (747 SE2d 10) (2013) (language in third-party complaint did not allege imputed liability). Because the parties did not allege imputed negligence or vicarious liability, there can be no common law claim for indemnity against Infinity.[9] *Nguyen*, 261 Ga. App. at 556 (2); see also *Hines v.*

---

[9] Instead, it appears that the Havenbrook defendants' relief is found in the apportionment statute. See OCGA § 51-12-33.

*Holland*, 334 Ga. App. 292, 296 (1) (b) (779 SE2d 63) (2015) (recognizing that common law indemnification is a remedy only where there is imputed liability); *District Owners Assn., Inc.*, 322 Ga. App. at 716 (1) ("because DOA has made no allegations of imputed or vicarious liability, it has failed to show that it is entitled to common law indemnity.") (punctuation omitted). As such, the trial court properly dismissed this claim.[10]

c. *Breach of the rental agreement*.

The Havenbrook defendants argue that the trial court erred in granting Sharon's motion for summary judgment and denying their corresponding motion related to Sharon's alleged breach of the rental agreement because the indemnification and insurance clauses in the rental agreement were valid. We conclude that the trial court properly granted summary judgment to Sharon on this issue.

Under the terms of the rental agreement, Sharon was to obtain general liability insurance that named RHA1 and Havenbrook Homes as additional insureds. The

---

[10] The Havenbrook defendants' reliance on *Ashton Park Trace Apartments v. City of Decatur*, 2015 WL 12469074, at *10 (III) (A) (3) (C) (N. D. Ga. 2015), is misplaced. That case involved a motion to dismiss, at which stage the trial court was required to accept all allegations in the complaint as true, and the parties raised vicarious liability in the pleadings. Id. at * 8-10 (A) (3) (C). In contrast here, there is no vicarious liability claim presented, and the trial court had the benefit of discovery when ruling on the motion for summary judgment.

agreement further provided that "[m]anagement shall at no time and under no circumstances be responsible for . . . any injury to Resident's Guests or Invitees." The agreement also required Sharon to indemnify RHA1 and Havenbrook Homes against all damages arising from any injury on the property. The Havenbrook defendants contend that Sharon breached these provisions.

"As a general rule, a party may contract away liability to the other party for the consequences of his own negligence without contravening public policy, except when such agreement is prohibited by statute." (Citation and punctuation omitted.) *Milliken & Co. v. Ga. Power Co.*, 306 Ga. 6, 8 (1) (829 SE2d 111) (2019). The legislature has created one such limitation, as codified in OCGA § 13-8-2 (b). That statute provides:

> A covenant, promise, agreement, or understanding in or in connection with or collateral to a contract . . . relative to the construction, alteration, repair, or maintenance of a building structure, appurtenances, and appliances, . . . purporting to require that one party to such contract or agreement shall indemnify, hold harmless, insure, or defend the other party to the contract or other named indemnitee . . . against liability or claims for damages, losses, or expenses, including attorney fees, arising out of bodily injury to persons, death, or damage to property caused by or resulting from the *sole negligence of the indemnitee*, or its, . . . officers, agents, or employees, is against public policy and void and unenforceable.

See also *Milliken & Co.*, 306 Ga. at 8-9 (1) ("an indemnification provision is void if it (1) relates in some way to a contract for construction, alteration, repair, or maintenance of certain property and (2) promises to indemnify a party for damages arising from that own party's sole negligence.") (citation, punctuation, and emphasis omitted); *Country Club Apts., Inc. v. Scott*, 246 Ga. 443, 443-444 (271 SE2d 841) (1980) (applying this statutory provision to residential leases). To determine whether the provision at issue is barred by this statute, we look to the language in the contract. *Milliken & Co.*, 306 Ga. at 12 (1) (b).[11] In doing so, we conclude that the provision here is barred.

---

[11] The trial court also relied on OCGA § 44-7-2 as a basis to find the contract provision void. See OCGA §§ 44-7-2; 44-7-13; 44-7-14. We note that under § 44-7-2, the Havenbrook defendants can be liable for Infinity's negligent conduct. *Atkins v. MRP Park Lake, LP*, 301 Ga. App. 275, 277-278 (1) (a) (687 SE2d 215) (2009) (OCGA § 44-7-2 prevents landlord from shifting liability to third party who negligently performed repairs). And any contract provision seeking to remove the landlord's liability under this provision is void. See *Schuster v. Plaza Pacific Equities, Inc.*, 588 F. Supp. 61, 64 (N. D. Ga. 1984).

The Havenbrook defendants contend that the prohibition on indemnification clauses is inapplicable where, as here, the issue is not their *sole negligence* in light of the claims that Infinity was also negligent.[12] This argument is misplaced.[13]

We cannot construe "sole negligence" in the manner the Havenbrook defendants suggest. First, nothing in the language of the contractual provision limited indemnification to the Havenbrook defendants' sole negligence. Rather, the language states that Sharon is to indemnify them against all liability "without limitation" resulting from "any damage or injury happening in or about Premises to Resident, permitted occupants of the Premises, or Guest or Invitees."[14] The language here was too broad, and we have construed similar language to fall within the bar set out in §

---

[12] Sharon contends that the language "sole negligence" covers the Havenbrook defendants and its subcontractors as "agents" of Havenbrook. Because we conclude the clause is void under the statute, we do not reach this argument.

[13] Although Sharon contends that the Havenbrook defendants are not challenging the trial court's ruling as to the indemnification and contribution claim, the argument set out in their brief clearly raises the both issues.

[14] This distinction is evident from the case the Havenbrook defendants cite to support their argument. See *Schuster*, 588 F. Supp. at 64. In that case, the district court noted that an indemnification claim seeking to transfer liability for the sole negligence of the defendant did not apply where the *plaintiff* was alleged to have been contributorily negligent. Id. But that is not the situation here; there has been no allegation that Sharon or Gloria were also negligent.

18

13-8-2 (b). See *Nat. Candy Wholesalers, Inc. v. Chipurnoi, Inc.*, 180 Ga. App. 664, 665 (350 SE2d 303) (1986) (indemnification clause containing "all claims" language "necessarily includes claims emanating from injuries caused solely by [indemnitee's] negligence"); *Big Canoe Corp. v. Moore & Groover, Inc.*, 171 Ga. App. 654, 657 (1) (320 SE2d 564) (1984) (concluding that indemnification clause related to "all claims" "clearly violat[es]" the statute).

The Havenbrook defendants further argue that the clause is not void because of the corresponding contract provision that required Sharon to obtain general liability insurance, shifting liability to the insurance company. But the Havenbrook defendants ignore that the insurance provision also provides that "[t]he limits of said insurance shall not, however, limit the liability of Resident hereunder." The use of the indemnification provision in conjunction with the insurance provision would completely insulate the Havenbrook defendants from any and all liability regardless of who was at fault and would shift the burden to the insurance company only to the extent of the policy limits. Such a contractual provision violates the landlord's statutory duties and is barred by public policy. See *Milliken & Co.*, 306 Ga. at 11-12 (1) (b) (citing cases). As a result, the indemnification and insurance provisions in Sharon's rental agreement are void under OCGA § 13-8-2 (b).

19

Accordingly, the trial court properly denied the Havenbrook defendants'
motion for summary judgment, dismissed the common law claims for indemnification
against Infinity, and granted summary judgment to Sharon on the breach of contract
claims. On these same bases, the trial court properly granted Infinity's motion for
partial summary judgment as to breach of contract.

*Case Nos. A20A1058 and A20A1060*

2. In these appeals, Infinity argues that the trial court erred in denying its
motion for partial summary judgment as to Havenbrook Constructions' cross-claims
for breach of contract because the TCA did not apply to the work performed at this
property. We disagree.

Issues of contract construction are questions of law for the court to decide.
*Langley*, 307 Ga. at 323-324. Additionally, when reviewing the grant or denial of
summary judgment, we look to the

> well-established rules governing circumstantial and direct evidence on
> summary judgment. Circumstantial evidence can be described as
> evidence which does not constitute direct proof with regard to the issue
> of fact or the hypothesis sought to be proven by the evidence; rather,
> circumstantial evidence constitutes proof of other facts consistent with
> the hypothesis claimed. Generally, in passing upon a motion for
> summary judgment, a finding of fact which may be inferred but is not

20

demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists. ... Circumstantial evidence ... may be sufficient for a plaintiff's claim to survive summary judgment, if other theories are shown to be less probable. There is no requirement that other theories be conclusively excluded[.]

(Citations, punctuation, and emphasis omitted.) *Patterson v. Kevon, LLC*, 304 Ga. 232, 236 (818 SE2d 575) (2018).

As we discussed in Division 1 (a), the signatories to the TCA are Infinity and Havenbrook Construction. Thus, the question is whether there is any evidence to create a factual issue about whether the TCA applied to the renovation work done on Sharon's deck.

The TCA applied to "all projects . . . for which [Infinity] hereinafter provides Work to [Havenbrook Construction]." Notably, there was no testimony to describe the relationship between Havenbrook Construction and Havenbrook Homes other than the testimony that Havenbrook Homes continued to use forms Havenbrook Construction created and utilized. Nor does the TCA contain any language clarifying that it applies to any successors or assigns.

21

But, there is some evidence that the repair work on Sharon's deck was controlled by the TCA. In its answer to the complaint, Havenbrook Construction admitted that "it had a contractual relationship with Infinity related to general contractor work at the subject property." See OCGA § 9-11-56 (c) (in considering partial summary judgment motion, court considers pleadings and evidence). Although Havenbrook Homes's and Havenbrook Construction's 30 (b) (6) witness, Jeff Stallard, testified that Havenbrook Construction had no involvement in Sharon's property or the repair work performed there, he also testified that Havenbrook Construction remained in existence, and the TCA remained in effect. In his individual testimony as an employee of Havenbrook Homes, Stallard admitted that the TCA governed the work done at the property.

In addition, the renovation completion report indicates that the work was done in accordance with the TCA and that *Havenbrook Construction* is satisfied with the completion of the project. Infinity's representative also initially testified that the work was done under the TCA. And, there was testimony that Havenbrook Construction was affiliated with Havenbrook Homes. This evidence, although slight, raises a factual question about whether the TCA controlled, making summary judgment unwarranted.

22

In summary, in Case Nos. A20A1057 and A20A1059, we affirm the trial court's order (1) granting partial summary judgment to Infinity on RHA1's breach of contract claim; (2) dismissing the Havenbrook defendants' common law claims against Infinity for indemnification; and (3) granting partial summary judgment to Sharon on the Havenbrook defendants claims for breach of contract. In Case Nos. A20A1058 and A20A1060, we affirm the trial court's order denying Infinity's motion for partial summary judgment as to Havenbrook Construction's cross-claim for breach of contract.

*Judgment affirmed. Reese, P. J., and Colvin, J., concur.*