## 68034. BIG CANOE CORPORATION et al. v. MOORE & GROOVER, INC. et al.

McMurray, Chief Judge.

On August 12, 1979, a balcony of one of the units of Tree Top Village in the Big Canoe resort area in Pickens County, Georgia, collapsed, and 14 people received serious injuries from the fall. This unit had been constructed by Moore and Groover, Inc. Big Canoe Corporation, the developer, controlled the designing, selection of materials and construction of the unit in question from the ground up. The unit was sold through Big Canoe Corporation by the builder-owner to Robert P. Greene, who owned it at the time of the fall. By and through a contract between Greene and Big Canoe Maintenance Service, Inc. the unit had been rented to a business and was being used by its guests at the time the balcony collapsed injuring the 14 people. Greene also had a contract with the developer Big Canoe Corporation whereby the unit could be leased to guests at the Big Canoe development.

The injured persons presented claims for the injuries against Big Canoe Corporation and Big Canoe Maintenance Service, Inc. Big Canoe Corporation and Big Canoe Maintenance Service, Inc. first sought contributions from the owner (Greene) and the builder (Moore and

Groover, Inc.) and after a denial and refusal they proceeded to settle the claims and obtained signed releases whereby suits could not be maintained against them or Greene or Moore and Groover, Inc.

Big Canoe Corporation and Big Canoe Maintenance Service, Inc. proceeded to file suit against Moore and Groover, Inc. and Robert P. "Green" (Greene) setting forth the substance of the above and contending in Count 1 that Moore and Groover, Inc. negligently erected the unit using a defective design and inferior material and negligently failed to inspect and discover structural faults and advise plaintiffs of the probability of structural failure. They contend that Greene was aware that the unit was in a dangerous state of repair, refused to have said property repaired and negligently allowed said property to be rented to certain parties without advising them of the dangerous condition of the property. They contend further that after the settlement, demand had been made of both defendants to contribute in the settlement and both defendants failed and refused to do so. Thus both defendants have been stubbornly litigious in their refusal to accept responsibility for their wilful and wanton acts. Plaintiffs also contend they were entitled to recover reasonable attorney fees for the prosecution of this action. In Count 2 the plaintiffs contend the agreement with Greene with reference to Big Canoe Maintenance Service, Inc.'s contract stated clearly that "[t]he Owner agrees to indemnify, save and hold harmless the Agent [Big Canoe Maintenance Service, Inc.] from and against all claims, suits, damages, costs, losses and expenses arising from injury to any person, persons or property occurring on or about the said premises and relating to the performance of this Agreement." Plaintiffs sought judgment against the defendants, jointly and severally.

The defendants answered separately denying the claims and set forth numerous defenses such as improper venue, lack of jurisdiction, barring of the claims by the applicable statute of limitation, fraud in that the plaintiff service company had agreed it would be primarily responsible for any and all proper maintenance and repair of the unit, the failure to properly inspect and to provide the necessary maintenance and repair, and failure of plaintiff Big Canoe Maintenance Service, Inc. to use exclusive discretion in effecting any necessary repairs.

Defendant Greene had affirmative defenses that plaintiff Big Canoe Maintenance Service, Inc. executed the contract with intent to deceive and defraud and he relied upon the contract, the indemnity agreement in the alleged contract is void and unenforceable and against public policy pursuant to the provisions of Code Ann. § 20-504 (now OCGA § 13-8-2); and if defendant Greene were negligent his negligence was passive and the negligence of the plaintiffs and the other co-defendant was active and primary and they are not entitled to recover any sums whatsoever for indemnity, implied indemnifica-

tion, common law indemnity, contribution, common law contribution or subrogation; the action is barred by the doctrine of unconscionability; the plaintiffs failed to use ordinary care in the premises; that plaintiffs are not the real parties at interest; and, their negligence was equal to or greater than any alleged negligence of the defendant. By counterclaim defendant Greene sought judgment against Big Canoe Maintenance Service, Inc. Count 1 alleged failure to perform its contractual duties; Count 2 seeks exemplary and punitive damages; and in Count 3 he alleged artful and deceptive practices on the part of plaintiff Big Canoe Maintenance Service, Inc. in seeking to collect the unjust claim. In Count 4 he alleged that this plaintiff acted in bad faith subjecting him to unreasonable litigation and he was entitled to monetary damages. Greene also sought a counterclaim against plaintiff Big Canoe Corporation. In Count 1 he contends it controlled the plans and specifications for the construction of the unit, and it was negligent in such selection, as well as inspection and approval of the construction. In Count 2 he sought the amount of actual damages he incurred by reason of the collapse of the balcony. In Count 3 he sought damages, exemplary and punitive, to deter the wrongdoer as to future action. In Count 4 he alleged artful and deceptive practices in seeking damages from him and sought punitive damages to deter such wrongful acts in the future. He likewise filed a cross-claim against the co-defendant Moore and Groover, Inc. as the builder, in substance alleging the same claims as shown above.

Defendant Moore and Groover, Inc. answered the complaint admitting jurisdiction and the uncontroverted facts shown above but otherwise denied the claim. It likewise filed a counterclaim against Big Canoe Corporation and a cross-claim against the other defendant Greene.

After considerable discovery in the form of interrogatories and requests for admissions in which the service contract, as well as the rental contracts were produced, the various accident reports with reference to the claims of the injured persons, the design and plans, as well as the contract of sale by and through the seller Big Canoe Corporation and the builder/purchaser Moore and Groover, Inc., the articles of incorporation of Big Canoe Corporation, the real estate sales contract between defendant Greene and the defendant Moore and Groover, Inc. as seller/builder by and through Big Canoe Brokerage Company, and various and other sundry contracts by and between the various parties, both defendants separately moved for total and/or partial summary judgment generally with reference to the exclusive control over the premises by the plaintiffs, as well as the general releases obtained from all the injured claimants releasing and discharging the defendants. In separate orders issued after a hearing each of the defendants was granted summary judgment. The plaintiffs ap-

peal. *Held*:

1. First of all, we consider the indemnification clause found in the maintenance and rental agreement by and between the plaintiff Big Canoe Maintenance Service, Inc. and the owner defendant Greene. OCGA § 13-8-2 (formerly Code Ann. § 20-504) unequivocally holds that a covenant, promise, agreement or understanding with reference to the construction and maintenance of a building or other structure "purporting to indemnify or hold harmless the promisee against liability for damages arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee, his agents or employees or indemnitee is against public policy and is void and unenforceable," but not affecting the validity of insurance contracts, workers' compensation and such. The indemnity clause in question is clearly violative of this Code section. See in this connection *Camp Concrete Prods. v. Central of Ga. R. Co.*, 134 Ga. App. 537, 539 (215 SE2d 299); *Frazer v. City of Albany*, 245 Ga. 399, 402 (265 SE2d 581); *Country Club Apts. v. Scott*, 246 Ga. 443, 444 (271 SE2d 841); *Burson v. Copeland*, 160 Ga. App. 481, 482 (2) (287 SE2d 386); *McMichael v. Robinson*, 162 Ga. App. 67, 69 (2) (290 SE2d 168); *Barnes v. Pearman*, 163 Ga. App. 790, 792 (294 SE2d 619).

2. The alleged tortious acts here resulting in the injury to the various persons falling from the balcony do not involve moral turpitude, and it appears from the pleadings here that each of the various parties seeks to place the blame for the cause of the fall upon the other or others. A jury may determine that any one of the four participants here (the developer, the maintenance corporation, the builder and the owner) may bear the entire responsibility, severally, in the injuries to the persons injured. However, under former Code Ann. § 105-2012 (now OCGA § 51-12-32, effective November 1, 1982), contribution is authorized among joint tortfeasors or trespassers without the necessity of being charged by suit or judgment and such right shall continue unabated and shall not be lost or prejudiced by a compromise and settlement of a claim or claims of injury to person or property or for wrongful death and release therefrom. This is a direct action for contribution and whether or not it can be maintained jointly against joint tortfeasors remains for determination by a jury as to whether or not the parties herein are joint or several tortfeasors as to the cause of the balcony falling. See in this connection *Marchman & Sons, Inc. v. Nelson*, 251 Ga. 475, 476, 477 (306 SE2d 290). Genuine issues of material fact remain for determination by a jury as to whether or not these parties are joint tortfeasors or for that matter whether or not the claims paid were in fact meritorious remains for decision. See *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 603 (203 SE2d 173); *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d

442); *Williams v. Physicians &c. Hosp.*, 249 Ga. 588 (292 SE2d 705). The trial court erred in granting these defendants' motions for summary judgment.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 21, 1984 —
REHEARINGS DENIED JULY 16, 1984 — 

*Russell L. Adkins, Jr.*, for appellants.
*N. Forrest Montet, Richard B. Eason, Jr., Noel H. Benedict, Carolyn J. Kennedy*, for appellees.