**THIRD DIVISION**
**DILLARD, P. J.,**
**ANDREWS and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 13, 2018**

# In the Court of Appeals of Georgia

A17A1706; A17A2027; A17A2028; A17A2029; A17A2030;  AN-061
    A17A2031. MILLIKEN & COMPANY v. GEORGIA
    POWER COMPANY.

ANDREWS, Judge.

Milliken & Company brought the above appeals from the trial court's grant of summary judgment in favor of Georgia Power Company on six identical cross-claims filed by Milliken in related lawsuits arising out of an airplane crash. We consolidate the appeals for consideration in this opinion, and for the following reasons affirm the trial court's grant of summary judgment in all six cases.

These appeals arise from lawsuits brought on behalf of passengers and pilots killed or injured when the airplane they occupied crashed near the Thomson-McDuffie County Airport. The suits asserted claims for wrongful death and personal injury damages arising from the crash and alleged that multiple defendants

negligently caused the crash, including Milliken and Georgia Power. The plaintiffs alleged that the plane aborted an attempt to land on the airport runway, and that, while the plane gained altitude from the runway to go around for another landing attempt, it struck a Georgia Power transmission pole located a distance from the end of the runway on property owned by the Milliken manufacturing plant adjacent to the airport. The plaintiffs' negligence claims against Milliken and Georgia Power are based on allegations that the transmission pole was negligently placed and constructed too close to the end of the runway, too high, and encroached on the airport easement, and that this was a contributing cause of the plane hitting the pole and crashing. The Georgia Power transmission pole was located on Milliken property pursuant to an easement over the property given by Milliken to Georgia Power in August 1989 which permitted Georgia Power to construct the pole and related structures to provide electricity to the Milliken plant. The written easement contained a provision which stated:

> [Georgia Power], it successors or assigns shall hold [Milliken], its successors or assigns harmless from any damages to property or persons (including death), or both, which result from [Georgia Power's] construction, operation or maintenance of its facilities on said easement areas herein granted.

2

Relying on this provision, in each suit Milliken filed an identical cross-claim pursuant to OCGA § 9-11-13 (g) against co-defendant Georgia Power asserting that Georgia Power is contractually liable to Milliken "for all sums that Plaintiffs may recover from Milliken." Georgia Power moved for summary judgment on the cross-claims asserting various grounds including: (1) that the hold harmless language in the easement provision at issue cannot be construed as an agreement by Georgia Power to indemnify Milliken for third party claims by the plaintiffs against Milliken; and (2) that, even if the easement provision could be construed to require Georgia Power to indemnify Milliken for damages the plaintiffs may recover against Milliken, this construction would render the easement void as against public policy. The trial court granted summary judgment in favor of Georgia Power on all of the cross-claims, and Milliken appealed.

A party bringing a cross-claim is asserting "that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." OCGA § 9-11-13 (g). *Fowler v. Vineyard*, 261 Ga. 454, 457 (405 SE2d 678) (1991). Under the cross-claims brought pursuant to OCGA § 9-11-13 (g), Milliken asserts that co-defendant Georgia Power is contractually liable for all damages the plaintiffs recover against Milliken based on

3

the plaintiffs' claims that Milliken's negligence caused or contributed to the crash. Milliken's only basis for asserting that Georgia Power is contractually liable for damages the plaintiffs recover for Milliken's negligence is the easement provision stating that Georgia Power shall hold Milliken harmless "from any damages to property or persons (including death), or both, which result from [Georgia Power's] construction, operation or maintenance of its facilities." To the extent the plaintiffs recover damages against Milliken based on Milliken's alleged negligence in permitting Georgia Power to construct, operate, or maintain electric transmission facilities in the easement area, Milliken's cross-claims are based on the contention that the easement provision contracts away Milliken's liability for the consequences of its own negligence. Even assuming (for purposes of deciding the viability of the cross-claims) that the easement provision may be so construed, "[a]s a general rule a party may contract away liability to the other party for the consequences of his own negligence without contravening public policy, except when such an agreement is prohibited by statute." *Lanier at McEver, L.P. v. Planners and Engineers Collaborative, Inc.*, 284 Ga. 204, 205 (663 SE2d 240) (2008) (citation and punctuation omitted). We find that OCGA § 13-8-2 (b) applies to the easement provision at issue and renders void as against public policy any provision in the

4

easement making Georgia Power contractually liable to Milliken for damages recovered by the plaintiffs against Milliken based solely on Milliken's negligence.

At the time the 1989 easement agreement was entered into, OCGA § 13-8-2 (b) provided that:

> A covenant, promise, agreement, or undertaking in or in connection with or collateral to a contract or agreement relative to the construction, alteration, repair, or maintenance of a building structure, appurtenances, and appliances, including moving, demolition, and excavating connected therewith, purporting to indemnify or hold harmless the promisee against liability for damages arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee, his agents or employees, or indemnitee is against public policy and is void and unenforceable, provided that this subsection shall not affect the validity of any insurance contract, workers' compensation, or agreement issued by an admitted insurer.[1]

---

[1] Contracts are construed under the law in effect at the time the contract was made. *Oravec v. Phillips*, 298 Ga. 846, 848 (785 SE2d 295) (2016). When the easement at issue was made in 1989, the then-existing provisions of OCGA § 13-8-2 (b) made void as against public policy any agreement "purporting to indemnify or hold harmless the promisee against liability for damages arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee . . ." As to the phrase "liability for damages arising out of bodily injury to persons," our courts have construed this language in the statute to include liability for damages arising out of a person's death resulting from bodily injury. See *Frazer v. City of Albany*, 245 Ga. 399, 402 (265 SE2d 581) (1980); *McAbee Const. Co. v. Georgia Kraft Co.*, 178 Ga. App. 496, 496-497 (343 SE2d 513) (1986); *World Championship Wrestling, Inc. v. City of Macon*, 229 Ga. App. 248, 249 (493 SE2d 629) (1997). As part of amendments to OCGA § 13-8-2 (b) made in 2007, the word "death" was added to the statute so that the above phrase now reads "liability or claims for damages, losses, or expenses, including attorney fees, arising out of bodily

5

To fall within OCGA § 13-8-2 (b), a provision to indemnify must satisfy two threshold conditions. The provision must "(1) relate in some way to a contract for 'construction, alteration, repair, or maintenance' of certain property and (2) promise to indemnify a party for damages arising from that own party's sole negligence." *Kennedy Dev. Co. v. Camp*, 290 Ga. 257, 259 (719 SE2d 442) (2011). With respect to the first threshold condition, "Georgia courts have consistently construed this statute more broadly than courts in other jurisdictions have construed analogous statutes." Id. As noted in *Kennedy Dev. Co.*, in addition to its application to more traditional construction contracts, the anti-indemnity provisions in OCGA § 13-8-2 (b) have been broadly construed to apply to a developer's contract with engineers for design of an apartment drainage system, to a contract between a construction

---

injury to persons, death, or damage to property caused by or resulting from the sole negligence of the indemnitee . . ." Ga. L. 2007, p. 208. We presume the legislature enacted the 2007 amendments with knowledge of the existing law, including prior judicial decisions construing OCGA § 13-8-2 (b) to apply to liability for damages arising out of a person's death resulting from bodily injury. *Retention Alternatives, Ltd. v. Hayward*, 285 Ga. 437, 441 (678 SE2d 877) (2009). Accordingly, we find that by including the word "death" in the 2007 amendments the legislature did not make a substantive change to the statute adding damages not covered by the original statute, but intended to clarify and harmonize the statute in accordance with the existing judicial decisions. *Parker v. Lee*, 259 Ga. 195, 198 (378 SE2d 677) (1989) ("[C]ourts should construe statutes in connection and harmony with existing judicial decisions where possible.")

6

contractor and drywall subcontractor, to property management, maintenance, and rental agreements, and to other commercial and residential property lease agreements "bearing little or no relationship to any ostensible building construction." Id. at 259-260. The easement agreement between Milliken and Georgia Power governing placement, construction, and maintenance of electric transmission structures clearly qualifies as an agreement related to "construction, alteration, repair, or maintenance" within the first threshold condition of OCGA § 13-8-2 (b). The second threshold condition of OCGA § 13-8-2 (b) "requir[es] that the provision purport to indemnify the indemnitee for its sole negligence." Id. at 260. As set forth above, Milliken's cross-claims against Georgia Power are necessarily based on the contention that the easement provision at issue makes Georgia Power contractually liable to indemnify Milliken for any damages that the plaintiffs recover against Milliken caused solely by Milliken's negligence. Accordingly, we find that the easement provision satisfies both threshold conditions for application of the anti-indemnity statute set forth in OCGA § 13-8-2 (b). It follows that, assuming the easement provision requires the contractual indemnity alleged in Milliken's cross-claims, the provision makes Georgia Power liable to indemnify Milliken for damages caused solely by Milliken's negligence and is void and unenforceable as against public policy as provided in

7

OCGA § 13-8-2 (b). The trial court correctly granted summary judgment to Georgia Power on all of Milliken's cross-claims. OCGA § 9-11-56. Although the trial court granted summary judgment for other reasons, we affirm under the right for any reason rule.

*Judgments affirmed in Case Nos. A17A1706; A17A2027; A17A2028; A17A2029; A17A2030 and A17A2031. Dillard, C. J. and Ray, J., concur*.