306 Ga. 6
FINAL COPY

S18G0876, S18G1107.  MILLIKEN & COMPANY v. GEORGIA POWER COMPANY (two cases).

WARREN, Justice.

In 2013, a small business jet crashed into a Georgia Power Company transmission pole on Milliken & Company's property near the Thomson-McDuffie Regional Airport in Thomson, Georgia.  The two pilots were injured and the five passengers died.  In the wake of the crash, the pilots and the families of the deceased passengers filed a total of seven lawsuits against multiple defendants, including Georgia Power and Milliken.  The complaints in those seven suits alleged that a transmission pole located on Milliken's property was negligently erected and maintained within the airport's protected airspace.  The record evidence shows that Georgia Power constructed the transmission pole on Milliken's property for the purpose of providing electricity to Milliken's manufacturing-plant expansion, and that the pole was constructed pursuant to a 1989

Easement between Georgia Power and Milliken. In each of the seven suits, Milliken filed identical cross-claims against Georgia Power, alleging that Georgia Power was contractually obligated to indemnify Milliken "for all sums that Plaintiffs may recover from Milliken" under Paragraph 12 of the 1989 Easement, which provides:

> [Georgia Power] Company, its successors or assigns shall hold [Milliken], its successors or assigns harmless from any damages to property or persons (including death), or both, which result from [Georgia Power] Company's construction, operation or maintenance of its facilities on said easement areas herein granted.

Georgia Power moved for summary judgment on the cross-claims. The trial court granted summary judgment to Georgia Power in all seven actions, reasoning that Paragraph 12 of the 1989 Easement operates as a covenant not to sue, rather than as an indemnity agreement, because it "nowhere contains the word 'indemnity'" and "it is not so comprehensive regarding protection from liability." All seven cases were appealed to the Court of

Appeals.[1]

## Case No. S18G0876

The Court of Appeals affirmed the trial court's grant of summary judgment in favor of Georgia Power in the six cases underlying our Case No. S18G0876. *Milliken & Co. v. Ga. Power Co.*, 344 Ga. App. 560 (811 SE2d 58) (2018). In its opinion, the Court of Appeals did not rely on the trial court's rationale that the 1989 Easement provision was a covenant not to sue. Id. at 564. Instead, employing a "right for any reason" approach, it held that the provision was an indemnity agreement and affirmed the trial court by applying Georgia's anti-indemnity statute, OCGA § 13-8-2 (b), to determine that Paragraph 12 of the Easement was "void as against public policy" — a theory argued before the trial court but not argued or briefed before the Court of Appeals. *Milliken & Co.*, 344 Ga. at

---

[1] Six of the seven cases were consolidated on appeal and underlie our Case No. S18G0876. The remaining case had been dismissed and refiled below, which led to a trial court order disposing of that case later than the other cases (although the order did so for the same reasons). As a result, that case was appealed after a new term of the Court of Appeals had begun and is the sole case underlying our Case No. S18G1107, which we discuss at the end of this opinion.

562-564. To support its holding, the Court of Appeals quoted the pleadings filed in support of Milliken's cross-claims, which alleged that "Georgia Power is contractually liable to Milliken 'for *all sums that Plaintiffs may recover* from Milliken.'" Id. at 561 (emphasis supplied). Reasoning that "Milliken's cross-claims against Georgia Power are necessarily based on the contention that the easement provision at issue makes Georgia Power contractually liable to indemnify Milliken for any damages that the plaintiffs recover against Milliken caused solely by Milliken's negligence," id. at 564, the Court of Appeals concluded that "assuming the easement provision requires the contractual indemnity alleged in Milliken's cross-claims, the provision makes Georgia Power liable to indemnify Milliken for damages caused *solely by Milliken's negligence* and is void and unenforceable as against public policy as provided in OCGA § 13-8-2 (b)." Id. (emphasis supplied).

We granted Milliken's petition for certiorari and posed a single question: Did the Court of Appeals err in its construction and application of OCGA § 13-8-2 (b)? Because our answer to that

question is yes, we vacate the Court of Appeals' judgment and remand the case for the Court of Appeals to consider, in the first instance, the trial court's rationale for granting Georgia Power's motions for summary judgment and any other arguments properly before the Court of Appeals.

1.    On appeal from a grant of summary judgment, we review legal questions de novo and review the evidence in the light most favorable to the nonmoving party to determine whether there is a genuine issue of material fact. *Barnett v. Caldwell*, 302 Ga. 845, 845-846 (809 SE2d 813) (2018).

"As a general rule[,] a party may contract away liability to the other party for the consequences of his own negligence without contravening public policy, except when such agreement is prohibited by statute." *Lanier at McEver v. Planners and Engineers Collaborative*, 284 Ga. 204, 205 (663 SE2d 240) (2008) (citation and punctuation omitted).   When the easement at issue here was executed, OCGA § 13-8-2 (b) provided one such public-policy limitation:

A covenant, promise, agreement, or understanding in or in connection with or collateral to a contract or agreement *relative to* the construction, alteration, repair, or maintenance of a building structure, appurtenances, and appliances, including moving, demolition, and excavating connected therewith, purporting to indemnify or hold harmless the promisee against liability for damages arising out of bodily injury to persons or damage to property *caused by or resulting from the sole negligence of the promisee, his agents or employees, or indemnitee is against public policy and is void and unenforceable . . . .*

(Emphasis supplied.)[2]  In analyzing the text of OCGA § 13-8-2 (b), we have explained that an indemnification provision is void if it "(1) *relate[s] in some way* to a contract for 'construction, alteration, repair, or maintenance' of certain property and (2) promise[s] to indemnify a party for damages arising from that own party's *sole* negligence." *Kennedy Dev. Co. v. Camp*, 290 Ga. 257, 259 (719 SE2d 442) (2011) (emphasis supplied).[3]

(a) Against this backdrop, we turn to the 1989 Easement and

---

[2] Several amendments that are not relevant to our decision have been made to OCGA § 13-8-2 (b) over the years.

[3] In *Kennedy*, we analyzed another version of OCGA § 13-8-2 (b), but given that former OCGA § 13-8-2 (b) is materially the same, the analysis in *Kennedy* also applies here.

evaluate it under former OCGA § 13-8-2 (b). With respect to the first of the two conditions contained in former OCGA § 13-8-2 (b), the 1989 Easement that contains Paragraph 12 also gave Georgia Power a right-of-way to

> construct, erect, install, operate, maintain, inspect, reconstruct, repair, rebuild, renew and replace thereon a substation and overhead and underground electric transmission, distribution and communication lines, with necessary or convenient towers, frames, poles, wires, manholes, conduits, transformers, switches, breakers and communication equipment, with the necessary wires, fixtures, appliances, protective wires and devices, buildings, sewers, drains, fences and other facilities in connection therewith . . . including the right . . . to clear, grade, fill, excavate, ditch and drain said substation tract[.]

This language relates "to the construction, alteration, repair, or maintenance of a building structure, appurtenances, and appliances, including moving, demolition, and excavating connected therewith." Former OCGA § 13-8-2 (b). See, e.g., *Newton's Crest Homeowners' Assn. v. Camp*, 306 Ga. App. 207, 216 (702 SE2d 41) (2010) (first condition met where "[a]lthough [indemnitor] did not actually construct any buildings on the subdivision property, its

work on the property consisted of, among other things, clear-cutting and grading the land, installing utility lines, and putting in streets"); see also *Kennedy*, 290 Ga. at 259 (noting that with respect to the first condition, Georgia courts have "consistently construed" the statute "broadly"). Moreover, Milliken admits that the 1989 Easement was requested in order to provide the electricity needed to facilitate Milliken's own construction of an addition to its new manufacturing plant in 1989. In other words, it is "relative to the construction, alteration, repair, or maintenance of a building structure, appurtenances, and appliances," as the statute requires. Given that Georgia courts have "consistently construed" OCGA § 13-8-2 (b) "broadly," we conclude that the terms of the 1989 Easement satisfy the first condition of former OCGA § 13-8-2 (b).

(b) The question then becomes whether Paragraph 12 — i.e., the indemnity provision in the 1989 Easement — satisfies the second condition contained in former OCGA § 13-8-2 (b). The statute prohibits "covenant[s], promise[s], or understanding[s]" made in connection with, or collateral to, contracts or agreements satisfying

the first condition and "purporting to indemnify or hold harmless the promisee against liability for damages arising out of bodily injury to persons or damage to property caused by or *resulting from the sole negligence of the promisee, his agents or employees, or indemnitee*." Former OCGA § 13-8-2 (b) (emphasis supplied). In contrast to the statute, the plain terms of Paragraph 12 require Georgia Power to hold Milliken harmless from "any damages to property or persons . . . which *result from [Georgia Power] Company's construction, operation or maintenance of its facilities* on said easement areas herein granted." (Emphasis supplied.) Paragraph 12, then, indemnifies Milliken for damages resulting from *Georgia Power's* acts or omissions, whereas the statute would prohibit an agreement that provides indemnity for damages resulting from *Milliken's* sole negligence. In short, Paragraph 12, and thus the 1989 Easement, do not do that which the statute prohibits.

Looking beyond the plain terms of the indemnity provision and relying on the Court of Appeals' reasoning below, Georgia Power

argues that Paragraph 12 is void under OCGA § 13-8-2 (b) because

"as set forth in Milliken's cross-claims, Milliken sought

indemnification from Georgia Power for 'all sums that Plaintiff may

recover from Milliken.'" See *Milliken & Co.*, 344 Ga. App. at 561-

562.[4] To support this argument, Georgia Power cites cases holding

---

[4] To the extent Georgia Power looks to the plain terms of Paragraph 12, its primary argument is that the "any damage to property or person" language contained in that provision violates former OCGA § 13-8-2 (b) — but only when that language is read "in conjunction with" the language of Milliken's cross-claims. For the reasons described below, that reading is no different than analyzing the text of Paragraph 12 alone.

Georgia Power also argues that the phrase "any damages" in Paragraph 12 is an "all or nothing proposition" and therefore violates former OCGA § 13-8-2 (b). Citing *Frazer v. City of Albany*, 245 Ga. 399 (265 SE2d 581) (1980), Georgia Power argues that even if Paragraph 12 requires indemnification for claims of Milliken's concurrent negligence, "then it also purports to include claims for Milliken's sole negligence because Paragraph 12 does not have the required carve out for Milliken's sole negligence." But the relevant provisions at issue in *Frazer*, unlike Paragraph 12, purported to indemnify or hold harmless an indemnitee without limitation, and therefore *could have* been construed as including claims of the indemnitee's sole negligence. See *Frazer*, 245 Ga. at 401-402 (referencing one lease provision that provided that the "City shall indemnify and [hold the indemnitee harmless] against and from *all claims* by and on behalf of any person, firm or corporation arising from the contract or management or from *any work or thing done on the project* during the Lease term" and another in which the City held the indemnitee "harmless against *any loss or damage to property,* or *any injury to or death of any person* that may be occasioned *by any cause whatsoever* pertaining to the project or the use thereof." (emphasis supplied and in original)). As explained above, Paragraph 12 contains language that limits its application to instances of "any damages . . . *which result from [Georgia Power] Company's* construction, operation or maintenance of its facilities." To the extent Milliken's sole

that indemnity provisions purporting to indemnify an indemnitee's sole negligence are invalid under OCGA § 13-8-2 (b). See, e.g., *Kennedy*, 290 Ga. at 258 (indemnity for "any and all . . . debts, claims, actions, damages, judgments or costs . . . related to the construction, maintenance, repair, or operation" of project, without limitation based on who is at fault (punctuation omitted)); *Lanier*, 284 Ga. at 205-208 (indemnity for "any and all claims, losses, costs, damages of any nature whatsoever [and] . . . any and all liability or cause of action however alleged or arising, unless otherwise prohibited by law," without limitation based on who is at fault (punctuation omitted)); *Frazer v. City of Albany*, 245 Ga. 399, 402 (265 SE2d 581) (1980) (indemnity for "all claims . . . arising from . . . any work or thing done on the project [and] . . . any loss or damage to property, or any injury to or death of any person that may be occasioned by any cause whatsoever pertaining to the project or the use thereof," without limitation based on who is at fault

---

negligence is ever the cause of the relevant damages, then Paragraph 12 would not apply.

(punctuation and emphasis omitted)); *Nat. Candy Wholesalers, Inc. v. Chipurnoi*, 180 Ga. App. 664, 665-666 (350 SE2d 303) (1986) (indemnity for "any claim by any of the exhibitor's agents or employees for injury, loss or damage," without further limitation (punctuation omitted)); *Big Canoe Corp. v. Moore & Groover, Inc.*, 171 Ga. App. 654, 655 (320 SE2d 564) (1984) (indemnity for "all claims, suits, damages, costs, losses and expenses arising from injury to any person, persons or property occurring on or about the said premises and relating to the performance of this Agreement," without limitation based on who is at fault (punctuation omitted)). In particular, Georgia Power points to our holding in *Kennedy Dev. Co. v. Camp* that an assignment provision was invalid under OCGA § 13-8-2 (b) because it contained language "to the effect that a party will indemnify and hold harmless the other party as to 'any' or 'all' claims, damages, losses, injuries, or the like arising from the subject of the parties' contractual relationship, '*no matter the origin of the claim or who is at fault*,'" 290 Ga. at 260 (emphasis supplied), and argues that it is analogous to the "all sums that Plaintiffs may

recover from Milliken" language contained in Milliken's cross-claims, which arguably would include damages resulting from Milliken's sole negligence.

This argument is viable if we look only to, and rely only upon, the pleadings filed in support of Milliken's cross-claims and ignore the plain terms of the indemnity provision contained in the 1989 Easement. Yet the allegations lodged in Milliken's cross-claims cannot and do not alter the language contained in Paragraph 12, and therefore cannot cause Paragraph 12 to violate former OCGA § 13-8-2 (b). Indeed, as the title and language of that statute state, former OCGA § 13-8-2 (b) concerns what renders a *contract or agreement* void as against public policy, and specifically concerns what "[a] covenant, promise, agreement, or understanding in or in connection with or collateral to a contract or agreement" purports to require. Former OCGA § 13-8-2 (b). It is therefore the language of the *contract or agreement itself*, and not other extraneous language (including Milliken's cross-claims) characterizing or making demands pursuant to it, that must be analyzed under the statute.

See *Ga. Ports Auth. v. Central of Ga. R. Co.*, 135 Ga. App. 859, 862 (219 SE2d 467) (1975) (the question of liability for indemnification is determined "in accordance with the terms of the agreement").

So understood, Paragraph 12 of the 1989 Easement between Milliken and Georgia Power plainly does not satisfy the second condition contained in former OCGA § 13-8-2 (b), and therefore does not violate public policy. That is because Paragraph 12 applies only to damages "which *result from [Georgia Power] Company's construction, operation or maintenance* of its facilities" on the easement area. That language necessarily limits the indemnity to damages "result[ing] from" Georgia Power's acts or omissions and necessarily excludes instances in which Georgia Power has not in any way caused the damages. In other words, indemnification applies only in those cases where damages "result from" Georgia Power's "construction, operation or maintenance of its facilities on [the] easement areas," whether those damages result from Georgia

Power in whole or in part.[5]   This interpretation is consistent with Georgia law; indeed, Georgia appellate courts have upheld or cited with approval indemnity agreements that contained language stating that, for example, indemnification would apply to losses "arising out of" the indemnitor's negligence, even when it was possible for the provision to apply to the indemnitor's full *or* partial negligence.  See, e.g., *Lawyers Title Ins. Corp. v. New Freedom Mtg. Corp.*, 285 Ga. App. 22, 29-30 (645 SE2d 536) (2007) (explaining that "where, as here, an indemnification clause requires indemnification of losses that 'arise out of' certain specified events but does not explicitly mention the indemnitee's negligence, the clause still requires full indemnification although the indemnitee's negligence may have partially caused the loss"); *Binswanger Glass Co. v. Beers Constr. Co.*, 141 Ga. App. 715, 717-718, n. 1 (234 SE2d 363) (1977) (upholding agreement that indemnitor contractor indemnify owner

---

[5] Practically speaking, that means that indemnification could potentially apply in certain instances where the combined negligence of Georgia Power and Milliken or even Georgia Power and other entities results in damages.  But none of those scenarios would implicate the statute's prohibition on indemnification for an indemnitee's "sole negligence."

"from and against all claims, damages, losses and expenses including attorneys' fees arising out of or resulting from the performance of the Work, provided that any such claim, damage, loss or expense . . . is caused in whole or in part *by any negligent act or omission of the Contractor*" or anyone whose acts the contractor may be liable for, "regardless of whether or not it is caused in part by a party indemnified hereunder" (punctuation omitted; emphasis supplied)).

The agreements examined in those cases, like the indemnity provision contained in Paragraph 12, avoided OCGA § 13-8-2 (b)'s prohibition because they did not require indemnification when damages were caused *solely* by the indemnitee's negligence.[6]   And

---

[6] Georgia Power does argue that any negligence by Milliken could only be sole negligence in this case, and that Paragraph 12 must therefore be void under former OCGA § 13-8-2 (b).  That argument goes like this: In addition to the 1989 Easement with Georgia Power, Milliken also had a 1973 Aviation Easement with the City of Thomson and McDuffie County that required Milliken to keep the airspace above its property clear for the airport's use.  Pointing to Plaintiffs' allegations that the duty imposed by this 1973 Aviation Easement was non-delegable, Georgia Power suggests that by permitting Georgia Power to erect the transmission pole in the airspace protected by that easement, Milliken was solely negligent for the plane crash.

The 1973 Aviation Easement, however, makes no mention of any duty

there can be no indemnification for Milliken's sole negligence here because under that circumstance, none of the damages would have resulted from Georgia Power's construction, operation, or maintenance of its facilities, as is required for Paragraph 12 to apply. Thus, as a matter of contractual interpretation and as a matter of common sense, Milliken's "sole negligence" would not fall within the indemnity provision's language, because that language limits the indemnity to damages caused, at least in part, by Georgia Power. Indeed, if Milliken's negligence contributed to damages also caused by Georgia Power's negligence, then it would not be "sole negligence"; it would be combined or joint negligence, and thus would not implicate former OCGA § 13-8-2 (b).

Contrary to Georgia Power's contention, the indemnity provision here does not purport to require Georgia Power to hold

being non-delegable, and Georgia Power points to no authority — either in statute or case law — supporting that proposition. Moreover, Plaintiffs' complaints, in addition to alleging that Milliken was negligent in failing to keep the airspace above its property clear in accordance with the 1973 Aviation Easement, also allege that Georgia Power was separately negligent in its design and construction of the transmission line.

Milliken harmless for "any damages" without limitation. Paragraph 12's textual parameters, which limit indemnification to damages resulting from Georgia Power's negligence, distinguish the 1989 Easement from the indemnity agreements that have been invalidated in other cases for purporting to require indemnity for "any damages" or "all claims," without limitation — or at least without limitation to indemnitor or third-party negligence. See, e.g., *Kennedy*, 290 Ga. at 258; *Lanier*, 284 Ga. at 205-208; *Frazer*, 245 Ga. at 402; *Chipurnoi*, 180 Ga. App. at 665-666; *Big Canoe Corp.*, 171 Ga. App. at 655. Accordingly, because the indemnity agreement does not meet both of the conditions set forth in OCGA § 13-8-2 (b), the agreement is not void as against public policy, and the Court of Appeals therefore erred by affirming the trial court's grant of summary judgment on that ground. On remand, the Court of Appeals should address the other arguments raised by the parties, on which we express no opinion.[7]

---

[7] Georgia Power moves this Court to supplement the record to add a defense verdict in favor of Milliken in one of the six cases (*McCorkle v. Ga.*

One month after the opinion in *Milliken & Co.*, 344 Ga. App. 560, was issued, a separate panel of the Court of Appeals issued an unpublished "Rule 36" order summarily affirming the trial court in the single case that is now our Case Number S18G1107. *Milliken & Co. v. Ga. Power Co.*, 345 Ga. App. XXII (Case No. A18A0516) (March 26, 2018) (unpublished). Rule 36 allows the Court of Appeals to affirm cases without opinion if: "(1) [t]he evidence supports the judgment; (2) [n]o reversible error of law appears and an opinion would have no precedential value; (3) [t]he judgment of the court below adequately explains the decision; or (4) [t]he issues are controlled adversely to the appellant for the reasons and authority given in the appellee's brief." Court of Appeals Rule 36. Notably, in its order, the Court of Appeals cited three of the grounds

---

*Power Co.*, Civil Action No. 15EV000163D (Fulton County State Ct. 2015)) that is a part of this consolidated appeal because "the *McCorkle* portion of this appeal is moot and should be dismissed." We leave it to the Court of Appeals on remand to determine if the appeal in that one case is moot and, if so, whether it should be dismissed.

enumerated in Rule 36 but omitted one: "[t]he judgment of the court below adequately explains the decision."  As a result, the Court of Appeals neither affirmed nor rejected the trial court's reasoning that Paragraph 12 of the 1989 Easement was merely a "covenant not to sue" and was not a "full indemnity agreement."  Therefore, in accordance with our ruling in Case no. S18G0876, the Rule 36 order appealed from in Case no. S18G1107 is also vacated and that case also remanded for further proceedings consistent with this opinion.

Judgments vacated and cases remanded.  All the Justices concur, except Ellington, J., disqualified.

Decided June 3, 2019.

Certiorari to the Court of Appeals of Georgia — 344 Ga. App. 560 and 345 Ga. App. XXII (Case no. A18A0516) (unpublished).

Drew Eckl & Farnham, Stevan A. Miller, Lisa R. Richardson; Holland & Knight, Matthew D. Friedlander, Laurie W. Daniel, Phil George, for appellant.

Tucker, Everitt, Long, Brewton & Lanier, Benjamin H. Brewton; Balch & Bingham, Hugh B. McNatt, M. Anne Kaufold-Wiggins, Brooke W. Gram, Tyler P. Bishop; Weinberg, Wheeler, Hudgins, Gunn & Dial, David A. Dial, Carol P. Michel, Thomas J. Strueber, for appellee.