**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and LAND, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**March 7, 2023**

# In the Court of Appeals of Georgia

A22A1347. POWER v. TOCCOA DREAMS, LLC et al.

McFADDEN, Presiding Judge.

After Janna Bond was injured in a fall at a vacation rental property, she brought a premises liability action against Toccoa Dreams, LLC (the property owner) and Vacation Rentals by Ashley, LLC (the rental agent). Those parties, in turn, brought third-party claims for breach of contract, indemnification, contribution, and declaratory judgment against the renter, Corey Power, based on an exculpatory clause in Power's rental agreement.

Power moved for summary judgment on all of the third-party claims. He argued that he was entitled to summary judgment on the contract, indemnification, and declaratory judgment claims because the exculpatory clause was void as against public policy under OCGA § 13-8-2 (b). He argued that he was entitled to summary

judgment on the contribution claim on a different ground. Finding that the exculpatory clause was not void, the trial court denied Power's motion without addressing Power's argument regarding the claim for contribution. We granted interlocutory review of that decision.

Because OCGA § 13-8-2 (b) prohibits the exculpatory clause, Power was entitled to summary judgment on the claims for breach of contract, indemnification, and declaratory judgment. So we reverse the denial of summary judgment as to those claims. We vacate the trial court's order as to the contribution claim and remand for the trial court to consider in the first instance the argument Power made in support of summary judgment on that claim.

1. *Facts and procedural history.*

"On appeal from a grant of summary judgment, we review legal questions de novo and review the evidence in the light most favorable to the nonmoving party to determine whether there is a genuine issue of material fact." *Milliken & Co. v. Ga. Power Co.*, 306 Ga. 6, 8 (1) (829 SE2d 111) (2019).

So viewed, the evidence shows that Power entered into an agreement to rent a vacation cabin as the venue for his wedding and as housing for some of the wedding guests, including his mother, Bond. That agreement contained an exculpatory clause

2

which stated that Power agreed "to hold harmless from any responsibility or liability [the] cabin owners and their representatives resulting from any loss, damage or personal liability incurred by any guest on the rental cabin premises."

One night while she was staying at the cabin, Bond fell on exterior stairs and was injured. She alleged in her complaint that some of the lighting near the stairs was not working at the time and that, due to improper construction, some of the boards of the stairs had buckled and were uneven. She alleged that Toccoa Dreams and Vacation Rentals by Ashley

> were negligent in failing to properly inspect the area where the fall occurred, in failing to make sure the lights installed in the outside staircase were functioning properly, by failing to take adequate measures to protect invitees from falling on the dark, unlit stairwell and in failing to keep the premises safe for invitees and failing to maintain stairs that were safe and properly functioning due to the buckling and uneven stairs caused by improper nails.

She argued that they were liable for her injuries and damages under a theory of premises liability.

Toccoa Dreams and Vacation Rentals by Ashley filed a third-party complaint against Power. They asserted that Power had breached the exculpatory "hold harmless" clause in the rental agreement. They also asserted that Power was liable for

3

Bond's losses under theories of indemnification and contribution, alleging that both Power and Bond had acted negligently (Power by "chang[ing] or caus[ing] to be changed the lighting and other physical conditions" near the stairs but failing to warn Bond of those changes, and Bond by failing to exercise ordinary care for her own safety). Finally, they sought a declaratory judgment regarding Power's obligations to them under the rental agreement, including his alleged obligation to defend them against Bond's claims.

Power moved for summary judgment as to all of the claims in the third-party complaint. He argued that he was entitled to summary judgment on the claims for breach of contract, indemnification, and declaratory judgment because the exculpatory clause on which those claims were based was unenforceable as a matter of public policy under OCGA § 13-8-2 (b). In response, Toccoa Dreams and Vacation Rentals by Ashley argued that the public policy prohibition of OCGA § 13-8-2 (b) did not apply to the rental agreement because the agreement did not concern the maintenance or construction of real property and because they were not asking Power to hold them harmless from their sole negligence, given their claim that Power and Bond acted negligently.

4

Power asserted a different argument in support of summary judgment on the contribution claim. He argued that he was entitled to summary judgment on that claim because the third-party complaint did not allege that he was a joint tortfeasor but, rather, sought to tender him as a substitute defendant with full responsibility to Bond for her injuries. Toccoa Dreams and Vacation Rentals by Ashley did not address this argument in their summary judgment response.

The trial court denied Power's motion for summary judgment on the ground that the public policy prohibition of OCGA § 13-8-2 (b) did not apply because the rental agreement did not "concern the development, construction, improvement, or maintenance of real property." The trial court expressly applied this reasoning to Power's contribution claim without addressing the separate argument that Power had made in support of summary judgment on that claim.

2. *The exculpatory clause in the rental agreement is void as against public policy under OCGA § 13-8-2 (b).*

On appeal, Power argues that the trial court erred in refusing to find that the rental agreement's exculpatory clause was void under OCGA § 13-8-2 (b). We agree.

"As a general rule, a party may contract away liability to the other party for the consequences of his own negligence without contravening public policy, except when

5

such agreement is prohibited by statute." *Milliken & Co.*, 306 Ga. at 8 (1) (citation and punctuation omitted). Power argues that the exculpatory clause is prohibited by OCGA § 13-8-2 (b), which pertinently provides:

> A covenant, promise, agreement, or understanding in or in connection with or collateral to a contract or agreement relative to the construction, alteration, repair, or maintenance of a building structure . . . purporting to require that one party to such contract or agreement shall indemnify, hold harmless, insure, or defend the other party to the contract or other named indemnitee . . . against liability or claims for damages, losses, or expenses, including attorney fees, arising out of bodily injury to persons, death, or damage to property caused by or resulting from the sole negligence of the indemnitee . . . is against public policy and void and unenforceable.

An exculpatory clause is void under OCGA § 13-8-2 (b) "if it (1) relates in some way to a contract for construction, alteration, repair, or maintenance of certain property and (2) promises to indemnify a party for damage arising from that own party's sole negligence." *Milliken & Co.*, 306 Ga. at 9 (1) (citation, punctuation, and emphasis omitted). Although Toccoa Dreams and Vacation Rentals by Ashley argue that the clause in this case satisfies neither requirement, Georgia case law holds otherwise.

6

(a) *Requirement that the clause relates to a contract for construction, alteration, repair, or maintenance of property*.

The trial court held that the clause was not void under OCGA § 13-8-2 (b) because it did not meet the first requirement, that the clause relate to a contract for construction, alteration, repair, or maintenance of property. But as to this requirement, "Georgia courts have consistently construed OCGA § 13-8-2 (b) broadly[.]" *Milliken & Co.*, 306 Ga. at 10 (1) (a) (punctuation omitted). Our Supreme Court noted in *Kennedy Dev. Co. v. Camp*, 290 Ga. 257 (719 SE2d 442) (2011), that "in addition to its application to more traditional construction contracts, the statute has been applied to commercial and residential lease agreements bearing little or no relationship to any ostensible building construction." Id. at 259-260 (citations omitted).

One of the examples that the Supreme Court cited for this proposition is *Country Club Apts. v. Scott*, 246 Ga. 443 (271 SE2d 841) (1980). See *Kennedy Dev. Co.*, 290 Ga. at 260. In *Country Club Apts.*, the Supreme Court held that what is now OCGA § 13-8-2 (b) sets forth a public policy prohibiting exculpatory clauses in residential lease agreements. *Country Club Apts.*, 246 Ga. at 444 (construing former Ga. Code Ann. § 20-504). And subsequent decisions of this court have reaffirmed that OCGA § 13-8-2 (b) prohibits exculpatory clauses not only in construction, alteration,

repair, and maintenance contracts, but also in leases. See, e.g., *Havenbrook Homes v. Infinity Real Estate Investments*, 356 Ga. App. 477, 485 (1) (c) (847 SE2d 840) (2020) (construing *Country Club Apts.* to apply to residential leases); *Borg-Warner Ins. Finance Corp. v. Exec. Park Ventures*, 198 Ga. App. 70, 71 (400 SE2d 340) (1990) ("Leases are among those contracts that are included within the ambit of the public policy prohibition established by OCGA § 13-8-2 (b)."); *Barnes v. Pearman*, 163 Ga. App. 790, 792 (294 SE2d 619) (1982) ("it is apparent that the Supreme Court [in *Country Club Apts.*] intended to strike down exculpatory clauses in all leases") (citation and punctuation omitted); *Levine v. Peachtree-Twin Towers Co.*, 161 Ga. App. 103, 106 (2) (289 SE2d 306) (1982) ("It is clear that clauses in residential and commercial leases purporting to exculpate landlords from liability to tenants for the result of the landlord's own negligence, defective construction or failure to repair are void.").

The parties to this case do not argue that their rental agreement should be treated differently than a residential lease for the purpose of determining the applicability of OCGA § 13-8-2 (b). But see generally *Hart v. Brasstown View Estates*, 234 Ga. App. 389, 391 (506 SE2d 896) (1998) (physical precedent) (distinguishing between the relationship of landlord-tenant and that of innkeeper-

8

guest for the purpose of applying the "necessity rule" in a premises liability case). Moreover, any distinction based upon the length of time the property may be occupied under the agreement does not affect OCGA § 13-8-2 (b)'s applicability. See *Nat. Candy Wholesalers v. Chipurnoi*, 180 Ga. App. 664, 666 (350 SE2d 303) (1986) (relying on *Country Club Apts.* to conclude that OCGA § 13-8-2 (b) applied to a short-term license or concession agreement permitting a vendor to use leased real estate at a trade show).

Based on the rationale of *Kennedy Dev. Co.*, supra, 290 Ga. 257, and *Country Club Apts.*, supra, 246 Ga. 443, along with their progeny, we agree with Power that the rental agreement in this case satisfies the first requirement of OCGA § 13-8-2 (b).

(b) *Requirement that the clause indemnifies a party for damages arising from that party's sole negligence.*

Toccoa Dreams and Vacation Rentals by Ashley argue that we should affirm for another reason: because the rental agreement's exculpatory clause does not meet the second requirement of OCGA § 13-8-2 (b), that the clause contain a promise that Power would indemnify them for damage arising from their *sole* negligence. They assert that this requirement is not met because, they claim, there is "evidence that Bond's injuries and damages could have been caused by Power's own conduct."

9

But we rejected this argument in *Havenbrook Homes*, supra, 356 Ga. App. 477. In that case, as here, parties seeking to avoid the prohibition of OCGA § 13-8-2 (b) "contend[ed] that the prohibition [was] inapplicable where . . . the issue [was] not their *sole negligence* in light of the claims that [another party] was also negligent." Id. at 485 (1) (c) (emphasis in original). We held that argument to be "misplaced" because the language of the contractual provision at issue purported to indemnify the party "against all liability without limitation resulting from any damage or injury happening in or about Premises to Resident, permitted occupants of the Premises, or Guest or Invitees." Id. at 485-486 (1) (c) (punctuation omitted). Such broad language, we held, fell within the bar set out in OCGA § 13-8-2 (b) because the language included a promise to indemnify a party from that party's sole negligence, even if the particular litigation at issue included a claim that another party might also be negligent. Id. at 485-486 (1) (c).

The language of the exculpatory clause in this case is similarly broad and includes Power's promise to indemnify Toccoa Dreams and Vacation Rentals by Ashley from their sole negligence. The clause provides that Power will hold Toccoa Dreams and Vacation Rentals by Ashley harmless "from *any* responsibility or liability . . . resulting from *any* loss, damage or personal injury incurred by any guest on the

10

rental cabin premises." (Emphasis supplied.) For this reason, the clause falls within the bar set out in OCGA § 13-8-2 (b), notwithstanding any evidence that Power was negligent. (Consequently, we do not address the parties' arguments about whether or not the record contains evidence of Power's negligence.)

3. *Because the exculpatory clause is void, Power is entitled to summary judgment on the third-party claims for breach of contract, indemnification, and declaratory judgment.*

Power argues, and we agree, that because the exculpatory clause in the rental agreement is void, the third-party claims for breach of contract, indemnification, and declaratory judgment cannot survive summary judgment.

As an initial matter, we note that the trial court's order does not expressly refer to the claim for declaratory judgment. But that order clearly purports to deny Power's summary judgment motion in full, and the trial court addresses the merits of the argument Power made in support of summary judgment on the declaratory judgment claim. So we construe the order to deny summary judgment on the declaratory judgment claim, along with the other claims in the third-party complaint.

The third-party claims for breach of contract, indemnification, and declaratory judgment depend upon the validity and enforceability of the rental agreement's

11

exculpatory clause. The contract claim alleges a breach of the exculpatory clause and the declaratory judgment claim seeks a declaration of rights and obligations under that clause. And as there is no allegation that Power is vicariously liable to Toccoa Dreams and Vacation Rentals by Ashley, the indemnification claim necessarily rests upon the exculpatory clause in the rental agreement. See generally *Hines v. Holland*, 334 Ga. App. 292, 296 (1) (b) (779 SE2d 63) (2015) (Georgia law "recognize[s] two broad categories of indemnity: as created by contract, as between a surety and a debtor; and under the common law of vicarious liability, as between principals and agents") (citation and punctuation omitted).

For this reason, Power is entitled to summary judgment on the claims for breach of contract, indemnification, and declaratory judgment. So we reverse that part of the trial court's order denying summary judgment to Power on those claims.

4. *We cannot decide Power's claim of error regarding the contribution claim.*

On appeal, Power argues that he is entitled to summary judgment on the contribution claim on the same ground that he asserted to the trial court; he contends that the third-party complaint, in effect, impermissibly sought to tender him as a substitute defendant. See *Hines*, 334 Ga. App. at 297 (1) (c). But the trial court did

not address this argument. Instead, the trial court denied Power summary judgment on the contribution claim on the ground that the exculpatory clause was not void.

When a trial court misapprehends a summary judgment movant's argument and consequently does not rule on that argument, we cannot reverse on the ground that the trial court was "wrong for any reason." See *Earls v. Aneke*, 350 Ga. App. 455, 460-461 (1) (829 SE2d 661) (2019). "Indeed, without a ruling on th[e] specific question, the issue is outside the proper scope of our review. Accordingly, we vacate [that part of] the trial court's order . . . denying summary judgment to [Power on the contribution claim], and we remand for the trial court's consideration of what Power actually argues[.]" Id. at 461 (1) (citations and emphasis omitted).

*Judgment reversed in part and vacated in part, and case remanded with direction. Gobeil and Land, JJ., concur.*